OPINION
{¶ 1} Plaintiff-appellant, Mardelle J. Morantz, appeals from a judgment of the Franklin County Municipal Court granting summary judgment to defendants-appellees, Joseph Ortiz, Time Warner Cable ("TWC Columbus"), a division of Time Warner Entertainment Company, L.P., and Time Warner Cable, Inc. ("TWC, Inc.") (collectively, "defendants"). Because no genuine issue of material fact exists and defendants are entitled to judgment as a matter of law, we affirm. *Page 2 
 {¶ 2} Defendant Ortiz is Technical Operations Manager for defendant TWC Columbus, which provides cable television service to customers in central Ohio, including the Regency Plaza apartment complex where plaintiff resides. Donna Stevens is the resident manager for the Regency Plaza apartment complex and is employed by Ebner Properties, the managing agent of the apartment complex. Defendant TWC, Inc., is a Connecticut-based company that does not directly own or operate any cable television services in Ohio.
 {¶ 3} From March 20 to 31, 2006, Broadband Communications, an independent contractor that TWC Columbus hired to perform installations, rewired the cable in the Regency Plaza apartment complex. Plaintiff received notice on March 17, 2006 that the rewiring work would be performed. After completing the rewiring work for the other apartments, Broadband Communication's installers reached plaintiff's apartment on March 31, 2006, but plaintiff either did not answer her door or was not at home. Plaintiff had a chain lock on her door that she generally kept locked from the outside to prevent entry into her apartment when she was not there. After notifying the apartment complex's resident manager that plaintiff was not answering her door, the cable installers left without rewiring plaintiff's apartment. As a result, plaintiff lost her cable service, and it was not restored until approximately two months later.
 {¶ 4} On September 27, 2006, plaintiff filed a complaint, pro se, against defendants alleging causes of action for "gross negligence." Plaintiff claimed defendants Ortiz and TWC Columbus were grossly negligent in that: (1) Ortiz allegedly "notified plaintiff's apartment management that plaintiff was communicating inappropriately" with the installers who were rewiring the apartment building or was refusing them entry into *Page 3 
her apartment to rewire her cable; (2) as a result of Ortiz' allegedly "false communication," plaintiff's apartment was not rewired and she lost her cable service on March 31, 2006; (3) Ortiz and TWC Columbus failed to correct the alleged "false communication" upon learning of its falsity; and (4) Ortiz and TWC Columbus failed to take any action to restore plaintiff's cable service until May 22, 2006. Plaintiff claimed TWC, Inc. was grossly negligent because it sends mail, other than invoices, to plaintiff's home address where she receives her cable service rather than to her post office box.
 {¶ 5} Plaintiff sought out-of-pocket expenses and punitive damages. In addition, plaintiff claimed to be entitled to compensation for the approximately two-month period of time she had no cable service and for a period thereafter when she experienced poor cable transmission on some television channels.
 {¶ 6} After progressing through discovery, defendants filed a motion for summary judgment on April 26, 2007, contending no genuine issue of material fact exists that (1) plaintiff did not allege viable causes of action against defendants, (2) the allegedly "false communication" about which plaintiff complains originated with the resident manager of plaintiff's apartment complex, not Ortiz, (3) plaintiff received a credit on her account for the two-month period she had no cable service, and (4) under her Residential Services Subscriber Agreement with Time Warner Cable, plaintiff was entitled to no further damages. On May 31, 2007, plaintiff filed a "response to defendants' motion for summary judgment and request for additional discovery before unfavorable ruling," arguing factual disputes precluded summary judgment.
 {¶ 7} On June 29, 2007, the trial court issued its decision, concluding plaintiff received a credit to her Time Warner Cable account for the time she was without cable *Page 4 
service. Further finding no dispute as to a genuine issue of material fact, the court granted summary judgment to defendants on plaintiff's remaining claims. Plaintiff appeals, assigning the following errors:
 Assignment of Error 1
 The trial court erred in not considering as a material dispute of fact whether or not Defendant-Appellee Ortiz called Plaintiff-appellant's apartment management. Also if Defendants-Appellees acknowledges the call, then whether the phone call was the proximate cause for Plaintiff-Appellant not having her apartment re-wired and whether the call violated some material law (in this case, privacy laws).
 Assignment of Error 2
 The trial court erred in not allowing Plaintiff-Appellant the discovery that she requested in her response to Defendants-Appellees' Motion for Summary Judgment and/or not ruling on her earlier Motion to Compel.
 Assignment of Error 3
 The trial court erred in not considering Plaintiff-Appellant's self affidavits as containing supporting documents. In addition Plaintiff-Appellant's affidavits contained information that could only be obtained by her.
 Assignment of Error 4
 The trial court abused its discretion in not allowing Plaintiff-Appellant to recover any other out-of-pocket expense except the two month's service which she was already credited. The Court did not discuss the other out-of-pocket expenses in its ruling.
 Assignment of Error 5
 The trial court abused its discretion in ignoring Defendant-Appellee Time Warner Inc.'s policy which sends customer mail to the service address even when a customer does not receive mail at that address. *Page 5 
 {¶ 8} All of plaintiff's assignments of error arise from the trial court's judgment granting summary judgment for defendants. An appellate court's review of summary judgment is conducted under a de novo standard. Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 41;Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588. Summary judgment is proper only when the parties moving for summary judgment demonstrate: (1) no genuine issue of material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181.
 {¶ 9} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293; Todd Dev.Co., Inc. v. Morgan, 116 Ohio St.3d 461, 2008-Ohio-87, at ¶ 12. The moving party, however, cannot discharge its initial burden under the rule with a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to evidence of a type listed in Civ.R. 56(C), affirmatively demonstrating that the non-moving party has no evidence to support the non-moving party's claims. Id.; Vahila v. Hall (1997), 77 Ohio St.3d 421. Once the moving party discharges its initial burden, the nonmovant must then produce competent evidence showing that a genuine issue exists for trial. Civ.R. 56(E); Dresher, at 293; Vahila, at 430. See, also,Castrataro v. Urban (Mar. 7, 2000), Franklin App. No. 99AP-219. *Page 6 
 {¶ 10} Plaintiff's first and third assignments of error, asserting the trial court erred in granting summary judgment, are interrelated and will be discussed together. In them, plaintiff contends a genuine issue of material fact exists as to whether Ortiz telephoned plaintiff's "apartment management," which plaintiff identifies as Ebner Properties, and either made, or failed to correct, a false communication that plaintiff was bothering the people rewiring the cable at the apartment complex or was refusing them entry to her apartment. Plaintiff states that Ortiz' allegedly false communication is the "key fact" on which her remaining claims are premised, with the possible exception of poor cable transmission, and she contends she "would not have occurred [sic] damages if Ortiz did not call Apartment Management."
 {¶ 11} In addition to other documentary evidence, defendants submitted an affidavit by Donna Stevens, the resident manager of plaintiff's apartment complex, whom Ebner Properties employed. Stevens attested in pertinent part that at plaintiff's request "Ebner Properties maintains a policy of allowing entry to Morantz's apartment only when she is home, unless Morantz has requested a repair by Ebner Properties' maintenance staff." Stevens explained that "[b]ecause of past incidents, I prefer that any entries (other than Ebner Properties maintenance) be made in groups of two or more. When the re-wirers indicated to me that Morantz was not home, after completing all other apartments, I told them to leave since there was nothing more they could do." (Stevens Affidavit, ¶ 8.) She further stated that "[m]y conversations and other communications with representatives of Time Warner Cable concerning Morantz were limited to explaining Ebner Properties' policy, and my preferences concerning, entry to Morantz's apartment. I have no recollection of having any specific conversation with Joseph Ortiz." Id. at ¶ 9. *Page 7 
 {¶ 12} Plaintiff concedes that Stevens' affidavit, together with other evidence defendants submitted, demonstrates that Ortiz did not participate in the allegedly false communication with Stevens. Plaintiff contends, however, the record contains no evidence Ortiz did not make the allegedly false communication to another person at plaintiff's "apartment management," Ebner Properties.
 {¶ 13} Contrary to plaintiff's contention, defendants presented unrebutted evidence demonstrating that Ortiz did not make the allegedly false communication to anyone at Ebner Properties. Specifically, in his verified response to plaintiff's interrogatories, Ortiz stated that "neither he nor anyone under his control ever initiated any communications [about plaintiff] with [plaintiff's] Apartment Management" between March 1, 2006 and December 13, 2006, the date Ortiz answered plaintiff's interrogatories. (Ortiz Interrogatories, ¶ 11.) Ortiz also stated (1) he had no role in installing cable wire at large apartment complexes such as plaintiff's; (2) the individuals performing the cable rewiring were independent contractors who did not report to him directly or indirectly; (3) he did not visit plaintiff's apartment complex in March 2006; (4) he has no recollection of the events that are the subject of plaintiff's allegations; and (5) he first learned of plaintiff's service issues in May 2006, at which time he arranged for TWC Columbus employees to perform a custom rewiring of plaintiff's apartment. (Ortiz Interrogatories, ¶ 11, 15-18, 21, 25-27.)
 {¶ 14} In opposition to summary judgment, plaintiff presented copies of various documents, including a letter from the American Cancer Society, letters plaintiff sent to defendants, notices from Ebner Properties regarding the rewiring work, portions of plaintiff's TWC customer record, and notes of telephone messages plaintiff purportedly left with defendants. The documents are not sworn, certified, or authenticated by an *Page 8 
affidavit, and the trial court properly could exclude them in deciding whether a genuine issue of material fact remains for trial. SeeTaylor v. XRG, Inc., Franklin App. No. 06AP-839, 2007-Ohio-3209, at ¶ 22 (determining such documents have no evidentiary value, and a trial court should not consider them in deciding a summary judgment motion). Nevertheless, even if the materials were considered, none of them addresses whether Ortiz engaged in the alleged communication with anyone at Ebner Properties. Accordingly, the documents do not raise a genuine issue of material fact because they do not refute defendants' evidence that no communication, let alone a false communication, occurred between Ortiz and Ebner Properties.
 {¶ 15} Plaintiff also relied on her own two affidavits. In the first affidavit, plaintiff detailed circumstances surrounding the loss of her cable service. In the second affidavit, she responded to some of Ortiz' answers to her interrogatories.
 {¶ 16} While a party may submit a supporting self-affidavit, it must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Civ.R. 56(E). A party's self-serving assertions, unsupported by personal knowledge and offered by way of affidavit, are not sufficient to demonstrate material issues of fact. Otherwise, a party could avoid summary judgment under all circumstances by simply submitting such a self-serving affidavit containing nothing more than bare contradictions of the evidence the moving party offered. Bell v. Beightler, Franklin App. No. 02AP-569, 2003-Ohio-88, at ¶ 33, appeal not allowed,99 Ohio St.3d 1410, 2003-Ohio-2454.
 {¶ 17} Neither of plaintiff's affidavits contains any allegation that Ortiz actually communicated with Ebner Properties, much less that plaintiff had personal knowledge of *Page 9 
such a communication. Instead, plaintiff simply concludes in the body of her memorandum opposing defendants' summary judgment motion that she "does not consider [Ortiz] believable." Plaintiff's unsupported "belief as to Ortiz' veracity is insufficient to defeat defendants' motion for summary judgment. See Kassouf v. Cleveland Magazine City Magazines,Inc. (2001), 142 Ohio App.3d 413, 423 (holding the appellant's unsupported "belief" that statements at issue are false is insufficient to oppose summary judgment); Norman v. Honeywell, Inc. (1995),105 Ohio App.3d 658, 661 (determining that affidavits and statements in them that are wholly conclusory and do not address issues of fact determining the legal issues involved are generally insufficient to meet the requirements of Civ.R. 56). Indeed, plaintiff concedes on appeal she has no evidence, other than her own speculation, that Ortiz telephoned someone at her "apartment management" and conveyed false information about plaintiff that resulted in her apartment not being rewired in March 2006.
 {¶ 18} Construing the evidence most strongly in plaintiff's favor, we conclude plaintiff failed to present any evidence of the type listed in Civ.R. 56(E) showing that Ortiz engaged in any communication regarding plaintiff, much less a false communication, with Donna Stevens or anyone else at Ebner Properties. Accordingly, the trial court did not err in granting defendants' summary judgment motion, and we overrule plaintiff's first and third assignments of error.
 {¶ 19} In her second assignment of error, plaintiff asserts the trial court erred in granting summary judgment before discovery was complete. Plaintiff contends she could have discovered and produced sufficient evidence to defeat summary judgment if the court had ruled on and granted her "request for additional discovery before unfavorable *Page 10 
ruling." Plaintiff suggests her request could be interpreted as a motion for continuance under Civ.R. 56(F).
 {¶ 20} The remedy for a party who has to respond to a motion for summary judgment before adequate discovery has been completed is a motion under Civ.R. 56(F). Taylor, at ¶ 16, citing Maschari v.Tone, 103 Ohio St.3d 411, 2004-Ohio-5342; MacConnell v. SafecoProperty, Montgomery App. No. 21147, 2006-Ohio-2910, at ¶ 51;Alexander v. Tullis, Portage App. No. 2005-P-0031, 2006-Ohio-1454. Civ.R. 56(F) allows a party the opportunity to request additional time to obtain, through discovery, the facts necessary to adequately oppose a motion for summary judgment. Taylor, supra, at ¶ 17, citing CarolinaTobacco Co. v. Petro, Franklin App. No. 04AP-1125, 2006-Ohio-1205, at ¶ 37; Provident Bank v. Adriatic, Inc., Clermont App. No. CA2004-12-108,2005-Ohio-5774, at ¶ 29, appeal not allowed, 108 Ohio St.3d 1511,2006-Ohio-1329.
 {¶ 21} A party who fails to seek relief under Civ.R. 56(F) in the trial court does not preserve her rights under the rules on appeal.Taylor; MacConnell, supra; Jackson v. Walker, Summit App. No. 22996,2006-Ohio-4351, at ¶ 17, citing R R Plastics, Inc. v. F.E. MyersCo. (1993), 92 Ohio App.3d 789; Maschari, supra (upholding decision to grant summary judgment where the nonmoving party failed to file a Civ.R. 56[F] motion for continuance). Plaintiff concedes she did not characterize her "request for additional discovery" as a motion for continuance under Civ.R. 56(F). Accordingly, she waived any claim that the trial court did not consider and rule on her request as a motion for continuance under Civ.R. 56(F). See Civ.R. 7(B)(1) (stating "a motion, whether written or oral, shall state with particularity the grounds therefore, and shall set forth the relief or order sought"). *Page 11 
 {¶ 22} Even if plaintiff's request could be deemed a Civ.R. 56(F) motion, Civ.R. 56(F) requires a party to submit an affidavit stating the reasons justifying an extension of discovery. Taylor, supra, at ¶ 20, citing Cook v. Toledo Hosp., 169 Ohio App.3d 180, 2006-Ohio-5278;Castrataro v. Urban, Franklin App. No. 03AP-128, 2003-Ohio-4705, appeal not allowed, 100 Ohio St.3d 1547, 2003-Ohio-6879. Here, plaintiff's reasons for her purported request for extension of discovery are contained within the body of her memorandum in opposition to summary judgment. Although plaintiff submitted two affidavits in support of her memorandum in opposition to summary judgment, they do not address the need for additional discovery, as Civ.R. 56(F) requires. Accordingly, plaintiff's motion fails on that basis alone. Taylor, supra, at ¶ 20, citing O'Brien v. Sutherland Bldg. Products, Inc. (Mar. 24, 1994), Franklin App. No. 93AP-948, citing Grange Mut. Cas. Co. v. State Auto.Mut. Ins. Co. (1983), 13 Ohio App.3d 217.
 {¶ 23} The parties engaged in discovery for seven months. Because plaintiff did not seek a continuance pursuant to Civ.R. 56(F), she cannot now complain that the trial court should have granted additional discovery before deciding defendants' motion for summary judgment. Plaintiff's second assignment of error is overruled.
 {¶ 24} In her fourth assignment of error, plaintiff asserts the trial court erred in finding she is entitled to no compensation other than the credit she received to her Time Warner Cable account for the two-month period she had no cable service. Plaintiff contends she is entitled to other compensation, including miscellaneous out-of-pocket expenses and punitive damages.
 {¶ 25} In support of their motion for summary judgment, defendants presented a copy of Time Warner Cable's "Residential Services Subscriber Agreement." An affidavit *Page 12 
of the Government Relations Manager for TWC Columbus attests that "[a]s a condition to Time Warner providing any service to any customer, the customer must agree to the terms and conditions of service as set forth in [the Subscriber Agreement,]" which was attached to the affidavit. (Affidavit of Steven Cuckler, ¶ 3.) Plaintiff admitted she received a copy of the agreement in January 2006, before the events giving rise to her claims. See Complaint, ¶ 39.
 {¶ 26} Under a limitation of liability provision set forth in Section 11(c) of the Residential Services Subscriber Agreement, plaintiff cannot recover "any direct, indirect, incidental, special or consequential damages arising out of [her] use of or inability to use [her cable] services" except for a refund or credit as expressly provided in Section 8(a) of the Subscriber Agreement. Under Section 8(a) of the Subscriber Agreement, a subscriber is entitled only to a prorated credit for the period of time the subscriber's cable service is delayed or interrupted for more than 24 consecutive hours. Section 8(a) does not permit a subscriber claiming a failure or interruption of cable service to receive any other compensation, such as the out-of-pocket expenses and punitive damages plaintiff claimed.
 {¶ 27} Although attempts to limit or excuse liability are disfavored in the law, limiting or exculpatory language in a contract will be enforced unless the language is against important public policy concerns, unconscionable, or vague and ambiguous. See Richard A.Berjian, D.O., Inc. v. Ohio Bell Tel. Co. (1978), 54 Ohio St.2d 147;Hurst v. Enterprise Title Agency, Inc., 157 Ohio App.3d 133,2004-Ohio-2307, at ¶ 17; Collins v. Click Camera Video, Inc. (1993),86 Ohio App.3d 826, 832; Conkey v. Eldridge (Dec. 2, 1999), Franklin App. No. 98AP-1628. Plaintiff did not challenge any of the Subscriber *Page 13 
Agreement's provisions as invalid or unenforceable, and she admits she received the credit to her account, as the trial court found. Because plaintiff received all the damages to which she is entitled under the Subscriber Agreement, her fourth assignment of error is overruled.
 {¶ 28} In her fifth and final assignment of error, plaintiff contends the trial court erred in failing to address her claim against TWC, Inc. when the court granted summary judgment against her on all her claims. Plaintiff complains that as a result of TWC, Inc.'s policy of sending mail to a customer's home address, she did not receive information, such as customer agreements and rate changes, unless TWC, Inc. also mailed it to the post office box where she receives her mail.
 {¶ 29} Preliminarily, plaintiff acknowledged she was able to receive mail at her home address; she simply chose not to accept mail there and instead to accept it at a post office box she maintained at a separate location. Sending mail to a person's correct home address, without more, is not a cognizable or valid cause of action sounding in "gross negligence," but even if it were, plaintiff failed to demonstrate any prejudice or injury as a result of TWC, Inc.'s customer mailing policy. Plaintiff admitted she received a copy of Time Warner Cable's Residential Services Subscriber Agreement, which the parties also refer to as the "Customer Agreement," and she acknowledged she received invoices that reflected the rates for her cable service. (Complaint, ¶ 26; plaintiff's brief on appeal, 23-24.)
 {¶ 30} Plaintiff nonetheless argues that TWC, Inc.'s mail policy made it difficult for her to "mitigate her damages" because she purportedly did not know whom to contact to secure cable repairs or to resolve the problems she had with Ortiz and TWC Columbus. *Page 14 
The evidentiary materials contained within the trial court record, however, reflect that plaintiff is an astute customer who is able to voice concerns with TWC Columbus personnel, notwithstanding TWC, Inc.'s policy. Accordingly, the trial court did not err in granting summary judgment on plaintiff's claim against TWC, Inc., and we overrule plaintiff's fifth, and final, assignment of error as lacking in merit.
 {¶ 31} Having overruled all of plaintiff's assignments of error, we affirm the trial court's judgment granting summary judgment to defendants.
Judgment affirmed.
 BROWN and KLATT, JJ., concur. *Page 1