[Cite as *Asset Mgt. West 9, L.L.C. v. McBrayer*, 2014-Ohio-2479.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| ASSET MANAGEMENT WEST 9, LLC, | : | |
| Plaintiff-Appellee, | : | CASE NO.   CA2014-02-004 |
| | : | O P I N I O N |
| - vs - | | 6/9/2014 |
| | : | |
| DENNIS J. MCBRAYER, et al., | : | |
| Defendants-Appellants. | : | |

CIVIL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CVE 20120233

McFadden & Freeburg Co., LPA, Monica E. Russell, 1500 West Third Street, Suite 400, Cleveland, Ohio 44113 and Reisenfeld & Associates LPA, LLC, Gregory P. Stout, 3962 Red Bank Road, Cincinnati, Ohio 45227, for plaintiff-appellee

Adam R. Todd, 370 South Fifth Street, Suite 3, Columbus, Ohio 43215, for defendants-appellants, Dennis J. and Vicki S. McBrayer

**PIPER, J.**

{¶ 1}   Defendants-appellants, Dennis and Vicki McBrayer, appeal a decision of the Madison County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Asset Management West 9, LLC (Asset West).[1]

---

1. Pursuant to Loc.R. 6(A), we have sua sponte removed this case from the accelerated calendar for the purpose of issuing this written opinion.

{¶ 2} In 2007, Dennis McBrayer executed a note for $212,800 in favor of GreenPoint Mortgage Funding, Inc. (GreenPoint). The McBrayers executed a mortgage on their property in favor of GreenPoint to secure payment of the note. In 2010, the McBrayers received notification that GreenPoint was in the process of securing bankruptcy protection, and that payments on the note were to be made to Asset West from that time on. GreenPoint endorsed McBrayer's note to Asset West, and on February 18, 2011, Asset West recorded an assignment of the McBrayers' mortgage from GreenPoint to itself. On August 15, 2011, the McBrayers received a letter from West Coast Servicing, LLC, (West Coast) directing the McBrayers to make payment on the note to West Coast. West Coast is a servicer for Asset West's accounts.

{¶ 3} Dennis McBrayer defaulted on the note in February 2012, and Asset West thereafter accelerated the loan payments making the entire balance due and owing according to the terms of the note. Asset West filed a foreclosure action on August 6, 2012, and the McBrayers answered. Asset West filed a judicial report of foreclosure, and noted to the trial court that two possible defects existed in the McBrayers' chain of title. Asset West later filed a motion for summary judgment, and asked the trial court to quiet title to the McBrayers property in the McBrayers' favor so that it could foreclose.

{¶ 4} The McBrayers filed a memorandum in opposition to Asset West's motion for summary judgment, arguing that Asset West is not the owner of their note and mortgage, and that there were genuine issues of material fact regarding the chain of title and how much was actually due and owing. The trial court, however, found in favor of Asset West, and granted its motion for summary judgment and ordered the property sold by a sheriff's sale. The McBrayers now appeal the trial court's decision, raising the following assignment of error.

{¶ 5} THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF-APPELLEE AND AGAINST

DEFENDANTS-APPELLANTS IN THE ENTRY GRANTING JUDGMENT AND DECREE OF FORECLOSURE FILED JANUARY 24, 2014.

{¶ 6} The McBrayers argue in their assignment of error that the trial court erred in granting summary judgment in favor of Asset West because genuine issues of material fact remain regarding (1) whether Asset West was the owner or holder of the note and mortgage, (2) whether the McBrayers' title to the property was defective, and (3) what amount was due and owing on the note.

{¶ 7} This court's review of a trial court's ruling on a summary judgment motion is de novo. *Lindsay P. v. Towne Properties Asset Mgt. Co., Ltd.*, 12th Dist. Butler No. CA2012-11-215, 2013-Ohio-4124. Civ.R.56 sets forth the summary judgment standard and requires that (1) there be no genuine issues of material fact to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to only one conclusion being adverse to the nonmoving party. *Slowey v. Midland Acres, Inc.*, 12th Dist. Fayette No. CA2007-08-030, 2008-Ohio-3077, ¶ 8. The moving party has the burden of demonstrating that there is no genuine issue of material fact. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64 (1978).

{¶ 8} The nonmoving party "may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing the existence of a genuine triable issue." *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385 (1996). A dispute of fact can be considered "material" if it affects the outcome of the litigation. *Myers v. Jamar Enterprises*, 12th Dist. Clermont No. CA2001-06-056, 2001 WL 1567352,*2 (Dec. 10, 2001). A dispute of fact can be considered "genuine" if it is supported by substantial evidence that exceeds the allegations in the complaint. *Id.*

{¶ 9} Regarding the McBrayers' first argument that Asset West did not have the ability to seek foreclosure, R.C. 1303.31(A) identifies three "persons" entitled to enforce an

instrument: "(1) [t]he holder of the instrument; (2) a nonholder in possession of the instrument who has the rights of a holder; and (3) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to [R.C. 1303.38] or [R.C. 1303.58(D)]." As stated in R.C. 1303.31(B), "a person may be a 'person entitled to enforce' the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument."

{¶ 10} "The current holder of the note and mortgage is entitled to bring a foreclosure action against a defaulting mortgagor even if the current holder is not the owner of the note and mortgage." *BAC Home Loans Servicing, LP v. Kolenich*, 12th Dist. Butler No. CA2012-01-001, 2012-Ohio-5006, ¶ 38, citing R.C. 1303.31(A). A "holder" is "a person in possession of a note that is payable either to bearer or to an identified person." *Green Tree Servicing, L.L.C. v. Roberts*, 12th Dist. Butler No. CA2013-03-039, 2013-Ohio-5362, ¶ 51, citing *Self Help Ventures Fund v. Jones*, 11th Dist. Ashtabula No. 2012-A-0014, 2013-Ohio-868, ¶ 33.

{¶ 11} The McBrayers assert that Asset West was not the owner or holder of the note and mortgage because they gave the note/mortgage to GreenPoint, not Asset West. However, the record indicates that after GreenPoint's bankruptcy, Asset West was assigned the McBrayers' note and mortgage. Such assignment was recorded properly, and was not challenged by GreenPoint.[2] The record contains a copy of the note signed by Dennis McBrayer, with GreenPoint listed as the lender. The note's last page contains an endorsement of the note by GreenPoint, transferred directly to Asset West. As previously

---

2. The McBrayers assert that the assignment was invalid because Asset West's employee prepared the assignment document. However, "because a debtor is not a party to the assignment of a note and mortgage, the debtor lacks standing to challenge their validity." *M&T Bank v. Johns*, 12th Dist. Clermont No. CA2013-04-032, 2014-Ohio-1886, ¶ 15, quoting *Deutsche Bank Natl. Trust Co. v. Whiteman*, 10th Dist. Franklin No. 12AP-536, 2013-Ohio-1636, ¶ 16. The record does not contain any indication that the assignment from GreenPoint to Asset West was challenged by any party to the assignment, and the McBrayers are the only party challenging the validity of an assignment that occurred in 2011. While the McBrayers have standing to argue whether Asset West held an interest in the mortgage, they do not have standing to argue the validity of *how* Asset West came to be in possession of that interest.

stated, the record also contains a recorded copy of the assignment of the mortgage from GreenPoint to Asset West.

{¶ 12} Asset West's motion for summary judgment was also supported by an affidavit of one of the employees of its servicer, West Coast, who averred that he had reviewed the note and mortgage, and attached copies of both to his affidavit. The employee averred that the note and mortgage were documents associated with McBrayer's loan that Asset West kept in the in the course of its regularly conducted business activities. Again, the note contains an endorsement from GreenPoint to Asset West, and the mortgage shows that it was assigned from GreenPoint to Asset West.

{¶ 13} While the McBrayers argue that Asset West does not possess the note and mortgage, they have not raised any genuine issue of fact regarding the issue. Despite the McBrayers' argument that West Coast may possibly own the note and mortgage, the record clearly demonstrates that West Coast is merely a servicer of Asset West, and that Asset West is the current owner/holder of both the note and mortgage. As such, Asset West has the authority to foreclose, and the trial court properly granted summary judgment on this issue.

{¶ 14} The McBrayers next argue that the trial court erred by granting summary judgment because prior liens on the property rendered their first mortgage invalid. The record indicates that Asset West prepared a judicial report regarding its foreclosure complaint. During the preparation of the report, Asset West uncovered two possible problems in the chain of title associated with the McBrayers' property. Asset West reported the two problems to the trial court and asked the court to quiet title in the McBrayers' favor so that foreclosure could occur.

{¶ 15} The two issues raised during the investigation were specific to deeds that appeared to contain a defect. The first deed contained a signature that was signed by an

attorney-in-fact despite the power of attorney not being recorded. The party at issue was named as a party to the suit, and was served by publication. The party did not respond to the suit, nor did the McBrayers file a response regarding the possible issue. When the party did not respond to the suit, the trial court granted a default judgment against her, and extinguished any claim that she may have had in the property.

{¶ 16} Similarly, a second deed from a trust that conveyed title of the property to the McBrayers was executed by a party who signed in an individual capacity rather than as a trustee on behalf of the trust. However, additional evidence emerged during discovery which demonstrated that a second grantor on the deed properly signed on behalf of the trust, so that the conveyance to the McBrayers was valid even though the first party did not sign the deed as a trustee.

{¶ 17} In neither instance did the McBrayers contend that the two defects in any way divested them of ownership of their property. Instead, they merely assert that the possible defects have raised genuine issues of fact that require further litigation.[3] However, the trial court had evidence that neither alleged defect divested the McBrayers of their ownership rights in the property, and that there were no genuine issues of fact regarding the McBrayers' ownership of their property.

{¶ 18} The McBrayers also argue that summary judgment was improper because there was a genuine issue of material fact regarding the amount due on the note. Dennis McBrayer signed the note in 2007 for $212,800. When Asset West moved for summary

---

3. The McBrayers argue that the defects somehow made any conveyance to them improper so that the mortgage to GreenPoint was invalid because they could not mortgage something that they did not own. However, and even if the deeds did contain unresolved defects, "Ohio law clearly holds that a defectively executed conveyance of an interest in land is valid as between the parties thereto, in the absence of fraud." *Wells Fargo Fin. Ohio 1 Mtge. Group v. Lieb*, 2d Dist. Montgomery No. 23688, 2011-Ohio-1988, ¶ 18. Absent fraud, a mortgage will be enforced between the parties "as a contract for a mortgage, whether * * * the defect is in respect to the signing, acknowledgment, or attestation," in order to carry out the intentions of the parties. *Id.* The McBrayers never pled fraud, or even argued that the prior transfers by deed were fraudulent.

judgment, it demonstrated that McBrayer owed $211,406.15. The McBrayers now argue that the amount owed is incorrect because they had made payments from 2007 until 2012 on the loan, which would have decreased the amount owed by more than approximately $1,400. Despite the McBrayers' argument, no genuine issue exists.

{¶ 19} The affidavit attached to Asset West's motion for summary judgment contains an averment that the amount due and owing on McBrayer's note was $211,406.15. The record also contains a payment history, which detailed the amount received each month and how that payment was credited. The record demonstrates that McBrayer's note had an adjustable rate, and that the rate changed at various times during the loan repayment. Often times, McBrayer's payment would not be enough to account for the interest charged that month. Therefore, the principal did not decrease as rapidly as the McBrayers may have calculated. For example, the record contains a payment change notice in 2011, which indicated that the new principal balance on McBrayer's note was $213,020.01, an increase from the original amount when the note was signed in 2007. The record also demonstrates that the amount due and owing includes late fees and other costs associated with the acceleration of the total debt, as well as costs associated with the foreclosure.

{¶ 20} The McBrayers, alternatively, did not submit any evidence to support their contention that they do not owe $211,406.15 on the note. Instead, they simply state in their affidavit, "we are aware that the Plaintiff claims a total of $211,406.15, plus interest, late fees, penalties and attorneys' fees are owed on the loan. We dispute that we owe the Plaintiff that amount." However, other than the obvious disagreement with the amount owed, the McBrayers did not submit a single piece of evidence to demonstrate that any other amount was due and owing. *See JPMorgan Chase Bank, NA v. Carroll*, 12th Dist. Clinton No. CA2013-04-010, 2013-Ohio-5273, ¶ 26 (affirming grant of summary judgment where appellant failed to raise genuine issue of material fact because "it is well-established that a

party's unsupported and self-serving assertions, offered by way of affidavit, standing alone and without corroborating materials under Civ.R. 56, will not be sufficient to demonstrate material issues of fact").

{¶ 21} The McBrayers have not alleged that they made payments that were not credited to them, or pointed to any evidence in the record that the amount owed is something other than $211,406.15. The bald assertion that the McBrayers dispute the amount due and owing fails to raise a genuine issue of material fact.

{¶ 22} Having found that the McBrayers have failed to raise any genuine issue of material fact that requires further litigation, the McBrayers' single assignment of error is therefore overruled.

{¶ 23} Judgment affirmed.

RINGLAND, P.J., and S. POWELL, J., concur.