[Cite as *UAP-Columbus JV326132 v. Young*, 2014-Ohio-4590.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| UAP-Columbus JV326132, <br> c/o Northwestern Mutual Insurance, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | | No. 14AP-422 |
| | : | (C.P.C. No. 07CV-017339) |
| Michael J. Young et al., | | |
| | : | (REGULAR CALENDAR) |
| Defendants-Appellants, | | |
| | : | |
| Wells Fargo Bank, N.A., Trustee for <br> RMAC REMIC Trust-Series 2009-8 | : | |
| et al., | | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on October 16, 2014

*Michael J. Young*, pro se.

*Carlisle, McNellie, Rini, Kramer & Ulrich, Co., LPA,* and
*Eric T. Deighton,* for appellee Wells Fargo Bank.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} Michael J. Young ("Young") and Michael J. Young, trustee ("Young, trustee"), defendants-appellants (sometimes referred to collectively as "Young appellants"), appeal the judgment of the Franklin County Court of Common Pleas in which the court granted the motion for summary judgment filed by Wells Fargo Bank, N.A., Trustee for RMAC REMIC Trust-Series 2009-8, defendant-appellee.

{¶ 2} On April 27, 2006, Young executed a note payable to The Huntington National Bank ("Huntington"). The note was secured by a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Huntington. On May 9, 2006, Young transferred, via quitclaim, the subject property to a trust with Young as trustee.

{¶ 3} On December 20, 2007, UAP-Columbus JV326132 ("UAP") filed this foreclosure action against Young, Huntington, and several other defendants. UAP sought to collect on a judgment lien previously obtained against Young. Huntington filed an answer and cross-claim, seeking a share of the proceeds resulting from any foreclosure and sale of the property for unpaid sums due on the note. Young asserted in his answer that UAP's lien was not enforceable against the property because that property was held in trust and not by Young. Young later raised the same issue in a motion for summary judgment, which the trial court denied.

{¶ 4} UAP also filed its own motion for summary judgment, arguing that it was entitled to judgment because no valid trust existed. UAP contended that, despite the fact that Young's son was the beneficiary of the trust and Young actually possessed the beneficial interest and legal title to the subject property, the legal and equitable title of the trust property merged, thereby defeating the trust. The trial court granted UAP's motion. On June 4, 2009, the trial court issued a judgment entry and foreclosure decree.

{¶ 5} In *UAP-Columbus JV326132 v. Young*, 10th Dist. No. 09AP-646, 2010-Ohio-485, we found the trial court erred when it granted UAP summary judgment, disagreeing with the trial court's conclusion that Young's son was not a legitimate trust beneficiary and finding the trust was not invalid for lack of a beneficiary separate from Young. With regard to the trial court's denial of Young's motion for summary judgment, we found the trial court correctly concluded that questions of fact remained regarding whether Young fraudulently transferred the property to the trust and these factual questions precluded summary judgment in Young's favor. We declined to rule on whether UAP's failure to join Young, in his capacity as trustee, or Young's son, as trust beneficiary, prevented the transfer of clear title to the property, as the trial court had yet to address the issue. Therefore, we reversed the trial court's granting of summary judgment to UAP and remanded the matter to the trial court.

{¶ 6}   After Huntington transferred the note to Wells Fargo and MERS assigned the mortgage to Wells Fargo, Wells Fargo filed a motion on September 16, 2010, requesting that it be substituted for MERS based upon the assignment of the mortgage. On the same date, Wells Fargo filed a motion for leave to file an amended answer, cross-claim, and counterclaim seeking foreclosure on the property.  The trial court granted both of Wells Fargo's motions.  Because no party answered Wells Fargo's amended pleading, the trial court granted Wells Fargo default judgment on September 30, 2011.  Young appealed.

{¶ 7}   In *UAP-Columbus JV326132 v. Young*, 10th Dist. No. 11AP-926, 2012-Ohio-2471, we found that, based upon the lack of any description of Young as a trustee in Wells Fargo's or UAP's pleadings and Young's consistent protestations that he was not sued as trustee, Young was a defendant to this action in his individual, not his trustee, capacity.  Thus, we found, because neither Wells Fargo nor UAP sued Young in his capacity as trustee, the owner of the subject property was not a party to the litigation, and the trial court erred in ordering foreclosure.  We reversed the trial court's judgment and remanded the matter.

{¶ 8}   On August 24, 2012, Wells Fargo sought leave to file an amended answer and cross-claim, listing Young, individually, and Young, trustee, as defendants.  On August 29, 2012, the trial court granted Wells Fargo's motion for leave to file an amended answer and cross-claim.  On May 16, 2013, Wells Fargo filed a motion for summary judgment with respect to the note and mortgage.  Wells Fargo argued that it was entitled to a monetary judgment with respect to the promissory note and foreclosure with respect to the mortgage.

{¶ 9}   In its memorandum contra Wells Fargo's motion for summary judgment, the Young appellants argued, among other things, that (1) the amended answer and cross-claim were not properly before the court because they were filed on August 24, 2012, but the trial court did not grant the motion for leave to file such until August 29, 2012, and (2) the mortgage assignment from MERS to Wells Fargo was invalid.

{¶ 10} On May 9, 2014, the trial court granted Wells Fargo's motion for summary judgment.  On May 14, 2014, the court entered a judgment entry of foreclosure.  The Young appellants (sometimes referred to collectively as "Young" when discussing the

arguments on appeal) appeal the judgment of the trial court, asserting the following assignments of error:

> [I.] THE APPELLEE'S FAILURE TO RECOGNIZE PAYMENTS MADE BY DEFENDANTS MICHAEL J. YOUNG AND MICHAEL J. YOUNG, TRUSTEE ON THE NOTE AND MORTGAGE THAT IS THE SUBJECT MATTER OF APPELLEE PLAINTIFF'S COMPLAINT AND CROSS-CLAIM, AND THE TRIAL COURT'S DISREGARDING OF SAID PAYMENTS ON SAID NOTE AND MORTGAGE AS REFERRED TO IN THE AFFIDAVIT OF YOUNG, AND THE TRIAL COURT'S FAILURE TO HOLD AN EVIDENTIARY HEARING REGARDING SAID PAYMENTS.
>
> [II.] THE APPELLEE'S FAILURE TO BE PROPERLY BEFORE THE TRIAL COURT IN APPELLEE'S "***Amended Answer and Cross-Claim***" AND DISREGARD OF THIS PROCEDURAL ERROR BY THE TRIAL COURT.
>
> [III.] APPELLEE HAS FAILED TO DEMONSTRATE THAT IT IS THE LEGAL HOLDER OF THE NOTE AND MORTGAGE THAT IS THE SUBJECT MATTER OF APPELLEE PLAINTIFF'S COMPLAINT AND CROSS-CLAIM, AND THE TRIAL COURT HAS ERRED IN a) THE APPROVAL OF APPELLEE'S UNCORROBORATED ALLEGED ASSIGNMENTS OF SAID NOTE AND MORTGAGE, b) THE DISREGARD, AS AN ALLEGED MATTER OF LAW, OF APPELLANT'S CHALLENGE TO THE AUTHENTICITY OF OWNERSHIP OF SAID NOTE AND MORTGAGE BY APPELLEE, AND, c) THE DISREGARD OF ANY EVIDENCE OR DOCUMENTS THAT ACCURATELY STATES THE RATE OF INTEREST ON THE REFERENCED NOTE AND CHANGES IN INTEREST RATES OF SAID NOTE SINCE ITS INCEPTION.

{¶ 11} All of Young's assignments of error concern the trial court's granting of Wells Fargo's motion for summary judgment. Summary judgment is appropriate when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the non-moving party and that conclusion is adverse to the non-moving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a

motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 12} When seeking summary judgment on the grounds that the non-moving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party does not discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that the non-moving party has no evidence to prove its case. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the non-moving party has no evidence to support its claims. *Id.* If the moving party meets its burden, then the non-moving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Id.* at 293. If the non-moving party does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party. *Id.*

{¶ 13} Young argues in his first assignment of error that the trial court erred when it failed to recognize payments made by the Young appellants on the note and mortgage. Young asserts that he attached an affidavit to his memorandum contra Wells Fargo's motion for summary judgment that averred both Young appellants had made payments on the note and mortgage after July 9, 2009, contrary to Wells Fargo's claim.

{¶ 14} In its decision, the trial court stated that the Young appellants failed to present any evidence, such as cancelled checks or copies of bank statements, of having made any payments on the note and mortgage after July 2009. The trial court found that the affidavit of Young, individually, was self-serving and contained nothing more than bare contradictions of the evidence offered by Wells Fargo.

{¶ 15} We reject Young's contentions. As explained above, when the moving party satisfies this burden of production, the opposing party's reciprocal burden is triggered requiring introduction of evidence allowed under Civ.R. 56(C) to demonstrate genuine

issues of material fact.  *See id.* at 293-94.  However, a party's self-serving assertions offered by way of affidavit are not sufficient to demonstrate material issues of fact. *Morantz v. Ortiz*, 10th Dist. No. 07AP-597, 2008-Ohio-1046, ¶ 16.  "Otherwise, a party could avoid summary judgment under all circumstances by simply submitting such a self-serving affidavit containing nothing more than bare contradictions of the evidence the moving party offered." *Id.*

{¶ 16} Here, Wells Fargo attached to its motion for summary judgment an affidavit attesting to the status of Young's account and the amount due on the note.  Kevin Elliott, vice president of the loan servicer for Wells Fargo, testified that he reviewed Young's loan file, Young's loan history, and databases related to Young's note, and averred that the loan was and is in default.  Elliott also averred that mortgage payments for the month of July 2009 and months thereafter had not been made.  Wells Fargo also attached to its motion documents detailing Young's loan payments and the balance remaining on the note.  In reply, Young averred in his affidavit only that he made payments on the note after July 9, 2009.

{¶ 17} In another foreclosure case, the court in *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. No. 98502, 2013-Ohio-1657, rejected an affidavit similar to Young's on the same grounds.  In that case, the only evidence the borrowers offered to contradict the balance due on the note was an affidavit in which the affiant averred that the payoff statement submitted by the lender was not a record of the affiant's payment history, the payoff statement did not accurately reflect the amount she owed on the account, the last payment on the loan was not on the date claimed by the lender, she had remitted at least four payments after the date claimed by the lender to be the last date of payment, and she had receipts to prove she made later payments.  The court of appeals found that the affidavit contained only conclusory, self-serving assertions without any corroborating materials and was insufficient to demonstrate issues of material fact.  The court pointed out that no receipts documenting additional payments appeared in the record.  The court also found that the affiant failed to identify what additional payments she contended were made, when they were made, and in what amounts or what amount she contended was actually due on the loan.  The court concluded that the affiant's conclusory statement that

the balance the bank claimed was due was incorrect was unsupported by any facts or evidence.

{¶ 18} Likewise, in the present case, Young offered in his affidavit only the conclusory statement that he made payments on the note after July 2009. However, Young fails to specify in the affidavit when those payments were made and the amount of such payments and otherwise fails to provide any evidence to support his claim. Young fails to provide any averment as to any other amount he believes is currently due. Therefore, we agree with the trial court that Young's affidavit was insufficient to prevent summary judgment. *See also Asset Mgt. W. 9, L.L.C. v. McBrayer*, 12th Dist. No. CA2014-02-004, 2014-Ohio-2479 (rejecting self-serving affidavit of borrowers who averred only that they disputed the amount the lender claimed was owed on the loan and finding they failed to submit a single piece of evidence to demonstrate that any other amount was due and owing or that they made payments that were not credited to them); *Huntington Natl. Bank v. Belcher*, 6th Dist. No. WD-11-055, 2012-Ohio-3731 (rejecting borrower's self-serving affidavit that the bank erred in the posting of her loan payments because she presented no further evidence that the bank erred in posting her payments; when faced with the evidence of the bank records, the borrower was required to come forward with additional evidence of payment beyond her own remembrance of having made them to defeat summary judgment).

{¶ 19} Furthermore, we also find without merit Young's argument that the trial court should have held an evidentiary hearing so he could present additional evidence demonstrating his payments beyond July 2009. Nothing in Civ.R. 56 contemplates an evidentiary hearing. *Castrataro v. Urban*, 10th Dist. No. 03AP-128, 2003-Ohio-4705, ¶ 16. To the contrary, evidence must be submitted before the hearing date. *See id*; *Blair v. Harmon*, 1st Dist. No. C-960093 (Nov. 13, 1996) (the basic purpose of a motion for summary judgment is to determine whether there is any need for an evidentiary hearing beyond the scope of that contemplated by Civ.R. 56; the motion enables a court to assess the proffered proof to see whether there is a genuine need for trial and, thereby, to serve the interest of justice by avoiding needless trials where no triable issue exists). While the trial court, in its discretion, may allow oral argument on a summary judgment motion, it is not required to do so. *Castrataro* at ¶ 16. Therefore, here, the trial court was not

required to hold an evidentiary hearing to permit Young to submit additional evidence. For these reasons, Young's first assignment of error is overruled.

{¶ 20} Young argues in his second assignment of error that Wells Fargo's amended answer and cross-claim were not properly before the trial court. Young points out that, on August 24, 2012, Wells Fargo filed a motion to add new party and leave to plead and an amended answer and cross-claim. Young further points out that the trial court did not file its order granting the motion to add new party and leave to plead until August 29, 2012. Thus, Young asserts Wells Fargo's amended answer and cross-claim were not properly before the court because the court did not grant the motion for leave to plead until after Wells Fargo filed its amended answer and cross-claim.

{¶ 21} In its decision, the trial court found that Wells Fargo's amended answer and cross-claim were properly before the court. The court reasoned that, despite the fact that it did not grant Wells Fargo's motion for leave to plead until after Wells Fargo filed its amended answer and cross-claim, the court, in granting the motion, treated it as if it sought leave instanter because the court did not specify that Wells Fargo was required to again file the amended pleading within so many days of the order granting leave.

{¶ 22} A decision to grant or deny leave to file a motion instanter rests in the trial court's discretion. *Toledo v. Stuart*, 11 Ohio App.3d 292 (6th Dist.1983). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

{¶ 23} In the present case, it was well within the trial court's discretion to construe Wells Fargo's motion to amend its answer and cross-claim as one to amend instanter. Civ.R. 15(A) provides for a liberal amendment policy; it is a basic tenet of Ohio jurisprudence that cases should be decided on their merits. *Perotti v. Ferguson*, 7 Ohio St.3d 1, 3 (1983). Even if the better course would have been for Wells Fargo to specifically title its motion as one seeking leave instanter, as the trial court noted, Young suffered no prejudice as a result of the trial court deeming the motion to be instanter. Wells Fargo did not file its motion for summary judgment until May 16, 2013, and Young filed a memorandum contra. Furthermore, the trial court did not rule on the summary judgment motion until nearly one year later on May 9, 2014. Thus, Young had ample time

to respond to the amended pleadings, and we can see no prejudice in the trial court's actions.  Therefore, we overrule Young's second assignment of error.

{¶ 24} Young argues in his third assignment of error that the trial court erred when it found Wells Fargo had standing.  Young asserts that the document entitled "Mortgage Assignment" that Wells Fargo attached to its motion for summary judgment is flawed and improper, as Young believes the signatory for assignor MERS is not a proper corporate signatory for MERS.  Young argues that there is no corporate resolution that authorized the signatory to execute the purported mortgage assignment on behalf of MERS.  Young points out that other Ohio courts have questioned MERS's use of invalid and illegal signatures and practices, and the signature in this case is a "sham."  Young also argues that, even if MERS properly transferred the mortgage to Wells Fargo, Wells Fargo did not own the note and mortgage on the date the complaint was filed.

{¶ 25} In *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, the Supreme Court of Ohio held that standing is a jurisdictional prerequisite before common pleas courts can proceed with foreclosure actions.  *Id.* at ¶ 22-28.  Generally, we review issues of subject-matter jurisdiction de novo.  *See Yu v. Zhang*, 175 Ohio App.3d 83, 2008-Ohio-400, ¶ 16 (2d Dist.).

{¶ 26} Young, in the present case, only takes issue with the validity of the assignment of the mortgage to challenge Wells Fargo's standing.  In order to have standing to bring a foreclosure case, the plaintiff must demonstrate that it has an interest in either the promissory note or mortgage.  *U.S. Bank Natl. Assn. v. Gray*, 10th Dist. No. 12AP-953, 2013-Ohio-3340, ¶ 27; *Fed. Home Loan Mtge. Corp. v. Koch*, 11th Dist. No. 2012-G-3084, 2013-Ohio-4423, ¶ 24, citing *Fed. Home Loan Mtge. Corp. v. Rufo*, 11th Dist. No. 2012-A-0011, 2012-Ohio-5930, ¶ 18.  Standing to enforce a note gives a party standing to enforce the mortgage.  *Gray* at ¶ 32-35.

{¶ 27} If a note is negotiable under R.C. 1303.03(A), Chapter 1303, Ohio's version of Article 3 of the Uniform Commercial Code, will apply.  *Bank of Am., N.A. v. Pasqualone*, 10th Dist. No. 13AP-87, 2013-Ohio-5795, ¶ 27-28.  It is generally recognized by Ohio courts that a note secured by a mortgage is a negotiable instrument.  *Id.* at ¶ 29, citing *Gray* at ¶ 23; *Wright-Patt Credit Union, Inc. v. Byington*, 6th Dist. No. E-12-002,

2013-Ohio-3963, ¶ 11; *U.S. Bank, N.A. v. Bennett*, 7th Dist. No. 11 MA 40, 2012-Ohio-2700, ¶ 19. Thus, a note secured by a mortgage is governed by R.C. Chapter 1303.

{¶ 28} A party has standing to invoke the court's jurisdiction if, at the time the complaint is filed, the party is a holder of the note. *Bank of Am., N.A. v. Harris*, 8th Dist. No. 99272, 2013-Ohio-5749, ¶ 8-10. R.C. 1303.31(A) identifies three "persons" entitled to enforce an instrument: (1) the holder of the instrument, (2) a nonholder in possession of the instrument who has the rights of a holder, and (3) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to R.C. 1303.38 or 1303.58(D). R.C. 1301.201(B)(21)(a) defines a holder of a negotiable instrument as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." Determining whether a plaintiff-creditor is a holder requires physical examination both the face of the note and any indorsements. Thus, the imperative issue for purposes of standing is whether the plaintiff is a person entitled to enforce the instrument. Who "owns" the note is irrelevant. *Nationstar Mtge., L.L.C. v. West*, 2d Dist. No. 25813, 2014-Ohio-735, ¶ 33 (who owns the note is not relevant; the relevant issues are who had the right to enforce the note when the suit was filed and whether another party subsequently obtained the right to enforce the note); *Pasqualone* at ¶ 24-25.

{¶ 29} In the present case, Wells Fargo submitted an affidavit from Elliot averring that it had possession of the note and that the copy it presented was true and correct. The note contained an allonge with an indorsement from Huntington to Wells Fargo. Therefore, because Wells Fargo was in possession of the note that was payable to Wells Fargo, it was a holder under R.C. 1301.201(B)(21)(a). As the holder of the note, Wells Fargo was a person entitled to enforce the note, pursuant to R.C. 1303.31(A)(1), and had standing to invoke the trial court's jurisdiction.

{¶ 30} Furthermore, negotiation of a note secured by a mortgage operates as an equitable assignment of the mortgage, even if the mortgage is not assigned or delivered. *Id.* at ¶ 39, citing *Gray* at ¶ 32. In other words, the physical transfer of the note indorsed specifically to the identified person in possession of the note, which the mortgage secures, " 'constitutes an equitable assignment of the mortgage, regardless of whether the mortgage is actually (or validly) assigned or delivered.' " *Gray* at ¶ 32, quoting *Deutsche*

*Bank* at ¶ 65 (even if the assignment of mortgage was invalid, the plaintiff would still be entitled to enforce the mortgage because, under Ohio law, the mortgage follows the note it secures). *See also Wells Fargo Bank, N.A. v. Goebel*, 2d Dist. No. 25745, 2014-Ohio-472, ¶ 12-13 (even assuming, arguendo, that there was some irregularity in the assignment of the mortgage, Wells Fargo indisputably held the note secured by the mortgage when it filed its complaint; that being so, Wells Fargo was not even required to have the mortgage formally assigned to it). As explained above, the evidence demonstrates that Wells Fargo had possession of the note, bearing a specific indorsement from Huntington. Therefore, the negotiation of the note from Huntington to Wells Fargo constituted an equitable assignment of the mortgage, and Young's argument regarding the validity of the assignment of the mortgage is irrelevant.

{¶ 31} Young additionally argues Wells Fargo did not have standing because it did not have any interest in the note and mortgage until September 2010, which was more than two years after UAP filed its original foreclosure action on December 20, 2007. It is true this court has held that a plaintiff has standing to initiate a complaint in foreclosure only if it has an interest in either the note or mortgage at the time it files suit. *See Gray* at ¶ 27. However, when foreclosure is sought in a cross-claim, as Wells Fargo does here, the relevant date upon which to determine standing is the date of the filing of the cross-claim in foreclosure. *See Leondard v. Georgesville Ctr., L.L.C.*, 10th Dist. No. 13AP-97, 2013-Ohio-5390 (addressing whether defendant had standing at the time it filed its cross-claim for foreclosure). In this case, the assignment of the note and mortgage took place on or about September 1, 2010, and Wells Fargo filed its cross-claim in foreclosure on September 16, 2010. Thus, Wells Fargo was a valid holder of the note at the time it filed its cross-claim in foreclosure. For all the foregoing reasons, we find the trial court did not err when it found Wells Fargo had standing. Therefore, we overrule Young's third assignment of error.

{¶ 32} Accordingly, Young's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT and LUPER SCHUSTER, JJ., concur.

_____