[Cite as *U.S. Bank Natl. Assn. v. George*, 2015-Ohio-4957.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| U.S. Bank National Association, as Trustee, Successor in Interest to Wachovia Bank, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2003-D, | : : : : | No. 14AP-817 (C.P.C. No. 12CV-13226) |
| Plaintiff-Appellee, | : : | (REGULAR CALENDAR) |
| v. | : | |
| Douglas K. George et al., | : | |
| Defendants-Appellants, | : | |
| Westbury Homeowners' Association, Inc. et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N
NUNC PRO TUNC

Rendered on December 3, 2015

*Thompson Hine LLP, Scott A. King* and *Terry W. Posey, Jr.,*
for appellee.

*McGookey Law Offices, LLC, Daniel L. McGookey* and
*Kathryn M. Eyster,* for appellants.

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} On October 19, 2012, plaintiff-appellee, U.S. Bank, National Association ("U.S. Bank"), as trustee, successor in interest to Wachovia Bank, National Association ("Wachovia"), as trustee for the Wells Fargo Asset Securities Corporation, mortgage pass-through certificates, series 2003-D (the "trust"), filed this action against defendants-appellants Douglas K. and Robin A. George, for the balance due on a promissory note, and

to foreclose a mortgage against 7511 Windsor Drive, Dublin, Ohio 43016, which secured repayment of the note. The Franklin County Court of Common Pleas granted summary judgment for appellee, and in a single assignment of error appellants state:

> The trial court erred in granting U.S. Bank's Motion for Summary Judgment.

## I. Facts and Procedural History

{¶ 2} On August 8, 2002, appellants executed the note and mortgage in favor of M/I Financial Corp ("M/I Financial"). Douglas George lost a well-compensated position of employment, and foreclosure proceedings were filed but terminated upon a loan modification agreement. Appellants again suffered financial difficulties, and the current action was filed.

{¶ 3} Attached to the complaint were copies of a note, a mortgage and three assignments of the mortgage. The note in favor of M/I Financial contained two indorsements and an allonge. The first indorsement was to Wells Fargo Home Mortgage, Inc., and the second to Wachovia, "AS Trustee under the pooling and servicing agreement dated * * * February 26, 2003." (Complaint, exhibit A, 5.) The allonge endorsed the note to U.S. Bank as "successor in interest to Wachovia Bank * * * as trustee, by Wells Fargo Bank, N.A. its attorney in fact." (Emphasis deleted.) (Complaint, exhibit A, 6.) Appellants assert that appellee failed to establish that Wells Fargo Bank, N.A. was entitled to execute the allonge, and disputes U.S. Bank as the holder of the note.

{¶ 4} The mortgage copy attached to the complaint was given to M/I Financial. Two separate documents purported to assign the mortgage from M/I Financial to Wells Fargo Home Mortgage, Inc., on August 8, 2002. The third assignment was made to U.S. Bank on September 17, 2009 by "Wells Fargo Bank, N.A. successor by merger to Wells Fargo Home Mortgage, Inc." (Complaint, exhibit E.) Appellants argue that there was no proof that Wells Fargo Bank had authority to assign the mortgage on behalf of Wells Fargo Home Mortgage, Inc., six years after the trust's closing date.

{¶ 5} On April 12, 2013, appellee filed an amended complaint also attaching the loan modification agreement, and on September 25, 2013 filed its motion for summary judgment. U.S. Bank submitted the September 12, 2013 affidavit of Megan A. Jones, Wells Fargo Bank, N.A. vice president loan documentation, in which Jones stated: "At the time of the filing of the complaint * * * and to date," U.S. Bank "directly or through an

agent, has been in possession of the Promissory Note." (Sept. 25, 2013 Motion for Summary Judgment, Jones Affidavit, ¶ 5.) Jones further stated in her affidavit that the last payment was received on April 20, 2012, and Wells Fargo applied it to the December 2011 payment date. The account was "due and owing for the 01/01/2012 payment with interest running from 12/01/2011." (Jones Affidavit, ¶ 6.) In addition, Jones stated in her affidavit that "[a]ccording to Wells Fargo's business records, no subsequent payments to bring the loan current have been made and the default on the loan has not been cured." (Jones Affidavit, ¶ 7.) Jones then stated that the loan had been accelerated, making the entire balance due. She identified the total amount due as $293,297.89: $261,694.38 in principal, $12,639.53 in accrued interest, $3,302.88 in hazard insurance disbursements, $15,401.10 in tax disbursements, and $265.00 for property inspections. Interest was accruing at $19.02 per day.

{¶ 6} With Jones' affidavit, appellee included a copy of the purported note that is not identical to the note attached to the complaint and the amended complaint, along with copies of the mortgage and three assignments, an October 23, 2011 letter from the Wells Fargo Home Mortgage Default Management Department expounding appellants' default, and account data. In her affidavit, Jones attested to this documentation by stating: "Attached as exhibits hereto are copies of the Note with any applicable indorsements and the Mortgage with any applicable Assignments, a payment history and the demand letter, redacted solely to protect any private, personal, financial information." (Jones Affidavit, ¶ 9.)

{¶ 7} The copy of the note attached to Jones' affidavit contained the first indorsement by M/I Financial to Wells Fargo Home Mortgage, Inc., but omitted the further indorsement to Wachovia and the allonge bearing the indorsement to U.S. Bank. Attempting to correct the discrepancy, on October 21, 2013, appellee filed a "motion to incorporate" in which its counsel averred that "through inadvertence[1] a full copy of the Promissory Note, which was attached to the Complaint, was not attached to Plaintiff's Motion for Summary Judgment." Appellee requested an order incorporating the full copy. While counsel has stated that the full copy was attached to the motion, we have not

---

[1] This decision replaces, nunc pro tunc, the decision released December 1, 2015, and is effective as of that date. Specifically, this decision replaces the word "advertence" with "inadvertence" in the second sentence of ¶ 7 to correct a clerical error.

found this attachment in the record. The motion to incorporate was granted the same day it was filed, and over appellants' opposition, the trial court granted appellee's motion for summary judgment.

## II. Standard of Review

{¶ 8} To be entitled to summary judgment the moving party must demonstrate: "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the non-moving party and that conclusion is adverse to the non-moving party." *UAP-Columbus JV326132 v. Young,* 10th Dist. No. 14AP-422, 2014-Ohio-4590, ¶ 11, citing *Hudson v. Petrosurance, Inc.,* 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29, and *Sinnott v. Aqua-Chem, Inc.,* 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Our review of the trial court's ruling on the motion for summary judgment is de novo. *Hudson* at ¶ 29. The appellate court conducts an independent review, without deference to the trial court's determination. *Young* at ¶ 11, citing *Zurz v. 770 W. Broad AGA, L.L.C.,* 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.), and *White v. Westfall,* 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

## III. Appellee's Standing to Enforce the Note/Sufficiency of Affidavit on Motion for Summary Judgment

{¶ 9} The parties do not dispute the note at issue being negotiable under R.C. 1303.03(A), and therefore governed by R.C. Chapter 1303, Ohio's version of Article 3 of the Uniform Commercial Code. *See Young* at ¶ 27; *Bank of Am., N.A. v. Pasqualone,* 10th Dist. No. 13AP-87, 2013-Ohio-5795, ¶ 29-30. R.C. 1303.31(A) identifies the following "persons" entitled to enforce a negotiable instrument:

> (1) The holder of the instrument;
>
> (2) A nonholder in possession of the instrument who has the rights of a holder;
>
> (3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 1303.38 or division (D) of section 1303.58 of the Revised Code.

According to R.C. 1301.01(T)(1)(a) and (b) (Repealed),[2] which was in effect when the note was made, the " '[h]older' with respect to a negotiable instrument means either of the following: (a) If the instrument is payable to the bearer, a person who is in possession of the instrument; (b) If the instrument is payable to an identified person, the identified person when in possession of the instrument."  A party commencing litigation must have standing to sue in order to invoke the jurisdiction of the common pleas court. *Fed. Home Loan Mtge. Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 20.

### A. **Distinguishing between Appellee's Claims on the Note and the Mortgage**

{¶ 10} Because the trial court granted summary judgment on *both* the note and the mortgage, it is worthwhile to examine the differences between the available remedies arising from each to the person entitled to enforce them.  Appellee claims to be both a holder of the note on which a default occurred and the person entitled to enforce the note, in addition to having an interest in the mortgage on the date it filed its claims under the note and for foreclosure.[3]  *Fannie Mae v. Hicks*, 8th Dist. No. 102079, 2015-Ohio-1955, ¶ 32-33, is instructive:

> A foreclosure proceeding is the enforcement of a debt obligation. *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, 906 N.E.2d 396. As a result, foreclosure in Ohio is a two-step process. *First Knox Natl. Bank v. Peterson,* 5th Dist. Knox No. 08CA28, 2009-Ohio-5096, 2009 WL 3086583, ¶ 18. Only after the court determines liability on the underlying obligation can it proceed to the foreclosure analysis under the mortgage. *Id.* Thus, a determination of liability under the note is a prerequisite to

---

[2] R.C. 1301.01 was repealed by 2011 Am.H.B. No. 9, effective June 29, 2011, amending and renumbering that section at R.C. 1301.201. The new section  applies only to transactions entered on or after June 29, 2011, and we therefore cite R.C. 1301.01. The definition of "[h]older" in R.C. 1301.201(B)(21)(a)—"[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession"—is substantially similar to that in R.C. 1301.01(T)(1)(a) and (b). *Flagstar Bank, F.S.B. v. Richison,* 3d Dist. No. 14-12-01, 2012-Ohio-3198, ¶ 15, fn. 1; *Pasqualone* at ¶ 32, fn. 9.

[3] Contrary to our holding in *FV-I, Inc. v. Lackey,* 10th Dist. No. 13AP-983, 2014-Ohio-4944, that in order to have standing to commence a foreclosure action, the plaintiff must prove it was both the holder of the note and had an interest in the mortgage on the date it filed the complaint, other courts have found that a party may establish standing as holder of the note or as assignee of the mortgage at the time the complaint is filed. *E.g., CitiMortgage, Inc. v. Patterson,* 8th Dist. No. 98360, 2012-Ohio-5894, ¶ 21. The issue had been certified to the Supreme Court of Ohio for resolution. *SRMOF 2009-1 Trust v. Lewis,* 138 Ohio St.3d 1492, 2014-Ohio-2021. However, the Supreme Court decided to dismiss the conflict on the issue of standing as having been improvidently certified. *SRMOF 2009-1 Trust v. Lewis,* 142 Ohio St.3d 369, 2015-Ohio-1494.

enforcement of the mortgage itself because a mortgage is but an incident to the debt it secures. *Kernohan v. Manss*, 53 Ohio St. 118, 133, 41 N.E. 258 (1895). As stated by the United States Supreme Court, "[t]he note and the mortgage are inseparable; the former essential, the latter incident." *Carpenter v. Longan*, 83 U.S. 271, 274, 16 Wall. 271, 21 L.Ed. 313 (1872).

In other words, "[a] mortgage may be enforced only by * * * a person who is entitled to enforce the obligation the mortgage secures." Restatement (Third) of Property: Mortgages, § 5.4(C) (1997). *See also In Re Dorsey*, 13, 8036 (B.A.P. 6th Cir.2014). To find otherwise would promote the separation of the note and mortgage and potentially subject the defaulting party to claims from multiple parties.

{¶ 11} Applying these principles to appellee's motion for summary judgment, the distinction should be made that, the first part of appellee's action, concerning the note, is brought according to law and is based in contract, while the second, concerning the mortgage, is in equity:

Once it has been determined as a matter of law that a default on the obligation secured by the mortgage has occurred, the court must then consider the equities to determine if foreclosure is the appropriate remedy. See *First Knox Natl. Bank v. Peterson*, 5th Dist. No. 08CA28, 2009-Ohio-5096, 2009 WL 3086583, ¶ 18, citing *Rosselot v. Heimbrock* (1988), 54 Ohio App.3d 103, 105-106, 561 N.E.2d 555. Moreover, because foreclosure is equitable relief, "the simple assertion of the elements of foreclosure does not require, as a matter of law, the remedy of foreclosure." See *First Natl. Bank of Am. v. Pendergrass*, 6th Dist. No. E-08-048, 2009-Ohio-3208, 2009 WL 1865127,¶ 22.

*PHH Mtge. Corp. v. Barker*, 190 Ohio App.3d 71, 2010-Ohio-5061, ¶ 35 (3d Dist.)

{¶ 12} Consistent with the legal differences between the note and mortgage, this court has explicitly recognized that foreclosure is "a civil action in equity." *WesBanco Bank, Inc. v. Ettayem*, 10th Dist. No. 14AP-452, 2015-Ohio-1230, ¶ 28. In *BAC Home Loans Servicing, LP v. Mowery Properties, Ltd.,* 10th Dist. No. 10AP-396, 2011-Ohio-1596, we further explained the difference between enforcing a note and enforcing a mortgage in a probate context: "the right of action of a 'mortgagee or legal holder of a note is independent of the remedy given him by filing his claim in the probate court' because a foreclosure proceeding 'is not one against an estate, nor is it one *in personam*,' but,

rather, 'is in the nature of a proceeding *in rem* to enforce certain security specially set apart for the indemnity of the holder of the note.' "  (Emphasis sic.)  *Id.* at ¶ 17, quoting *Waughop v. Bartlett,* 165 Ill. 124, 129-30 (1896); *Fin. Freedom v. Kirgis,* 377 Ill.App.3d 107 (1st Dist.2007).  *See also Weaver v. Bank of New York Mellon,* 10th Dist. No. 11AP-1065, 2012-Ohio-4373, ¶ 15.

{¶ 13} Even though foreclosure has been codified in R.C. 2323.07, it remains an equitable proceeding:

> [T]he statute codified the remedy [of foreclosure] recognized in equity * * *.
>
> [F]oreclosure procedures are now based on statute and equity. For example, the equitable right of redemption exists concurrently with and independent of the statutory right of redemption. However, we find no authority—in Supreme Court precedent or statute—that would permit a trial court to employ a foreclosure procedure that excludes a judicial sale from its order.

*Wells Fargo Bank, N.A. v. Young,* 2d Dist. No. 2009 CA 12, 2011-Ohio-122, ¶ 45-46.  The nature of foreclosure as an equitable remedy is not extinguished with the enactment of a codifying statute that governs its procedures.

> It is well-recognized that actions in foreclosure arise in equity. See *Kerr* [*v. Lydecker*, 51 Ohio St. 240, 248 (1894)]; [*Union Trust Co. v.*] *Lessovitz* [122 Ohio St. 406 (1930)], (concluding that the right of subrogation and priority of liens were chancery issues for purposes of Section 6, Article IV, of the Ohio Constitution of 1912). Moreover, civil actions that were recognized as equitable actions before the adoption of the Code of Civil Procedure remained equitable in nature after the General Assembly enacted statutes providing an equitable remedy. See *Wagner v. Armstrong* (1916), 93 Ohio St. 443, 113 N.E. 397 (holding that statutory claim for partition was appealable as chancery case).
>
> Of critical importance is whether the Ohio legislature, in enacting statutes governing foreclosure, intended the statutes to provide an exclusive procedure for foreclosure or, instead, meant the statutes to be merely cumulative of common law equitable remedies.
>
> " 'Whether a particular statutory remedy is exclusive or erely cumulative, is a question of construction and interpretation,

depending upon the intent of the Legislature as manifested in the terms and provisions of the statute.

" 'In some cases, a remedy prescribed by statu[t]e is regarded as exclusive. Indeed, in particular cases, it may appear, either expressly or by necessary implication, that the remedy provided therein is intended to be exclusive. This is true where a new remedy or mode of procedure is authorized by a new statute, and the new procedure is inconsistent with the former one. In such cases, the person injured must confine himself to the statutory remedy. However, an existing remedy is not necessarily taken away by a statute which simply provides an additional remedy. It may appear that the remedy afforded by a particular statute is not intended to be exclusive, but cumulative with respect to other remedies of the party. Indeed, an existing remedy, particularly one which is long established, is not regarded as taken away by statute, except by direct or express enactment, or necessary implication from language showing, in a clear manner, that the statutory remedy was intended to be exclusive. Hence, where a new remedy is provided by statute for an existing right, and it neither denies an existing remedy nor is incompatible with its continued existence, the new remedy is regarded as cumulative, and the person seeking redress may adopt and pursue either remedy at his option.' 50 American Jurisprudence, page 590, Section 595." *Wachendorf v. Shaver* (1948), 149 Ohio St. 231, 242-43, 78 N.E.2d 370.

*Young*, 2011-Ohio-122, at ¶ 40-43.

{¶ 14} Here, appellee claims to be the holder and person entitled to enforce both the note and the mortgage executed by appellants upon the purchase of their home.  As such, appellee must prove both of its claims whether in a single action or in a series of actions.  If appellee achieves satisfaction of its claim under the note, that is, in law, a court may proceed in equity as against the property that secures that repayment of the note. *Barker*.  In the matter under review, the trial court granted summary judgment in both law and equity, ostensibly permitting foreclosure to occur by denying appellants' challenge to appellee's legal standing to enforce the note.

### B.  Review of Summary Judgment on Appellee's Attempts to Establish Its Claims on the Note

{¶ 15} We have previously taken judicial notice that "during the past two decades it has become a common practice of the mortgage lending and banking industries to

resell mortgage loan packages, * * * to assign to service companies other than the original mortgagees the collection of mortgage payments and even the bringing of foreclosure actions, and to bundle repurchased mortgage packages into derivatives for purchase by other investors." *State v. Orms*, 10th Dist. No. 14AP-750, 2015-Ohio-2870, ¶ 14. As a result, litigation surrounding collecting debt and foreclosing on financed real estate has incorporated arguments concerning the law of commercial paper and the Uniform Commercial Code as codified in Ohio in R.C. Chapter 13. We have even made distinctions between notes subject to the Uniform Commercial Code and those that are not, in order to determine whether standing exists by a party not in privity, to challenge the transfer of a note or the assignment of a mortgage. *See, e.g., Pasqualone.*

{¶ 16} In the trial court, in response to appellee's motion for summary judgment, appellants asserted that appellee did not prove standing to enforce the note because the evidence presented on its motion for summary judgment did not establish that appellee had bought and had possession of the note. Appellants argue that different copies of the note—the first attached to the complaint and amended complaint, and the second attached to the motion for summary judgment—present genuine issues of material fact to preclude summary judgment. We find this point to be well-taken, and we depart from the conclusion of the trial court.

{¶ 17} Appellee maintains that, while Jones' affidavit did not include the allonges with the indorsement from M/I Financial to Wells Fargo, there was nothing to rebut appellee's claim that this was a mere clerical error. The trial court held that appellee's motion to incorporate into the Jones affidavit the note as attached to the pleadings corrected the error. The trial court further relied on appellee's production of what was represented as the original note at the Civ.R. 30(B)(6) deposition of its representative, John McCray, with the indorsements and allonges, as in the copies attached to its pleadings. Here, we believe that appellants' equitable argument respecting the greater severity of the harm to appellants than to appellee becomes pertinent. In this context, we find it particularly unreasonable that summary judgment should be granted without appellee's compliance with the Ohio Rules of Civil Procedure. A plaintiff moving for summary judgment in a foreclosure action must submit evidentiary-quality materials establishing:

> (1) that the plaintiff is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the plaintiff

is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met; and (5) the amount of principal and interest due.

*Regions Bank v. Seimer,* 10th Dist. No. 13AP-542, 2014-Ohio-95, ¶ 19, quoting *Deutsche Bank Natl. Trust Co. v. Najar,* 8th Dist. No. 98502, 2013-Ohio-1657, ¶ 17.

{¶ 18} Appellee concedes that the documents attached to Jones' affidavit would not qualify it as a holder insofar as they did not include the indorsements from Wells Fargo Home Mortgage, Inc. to Wachovia and from Wachovia to U.S. Bank, and, thus, leaving the note still payable to Wells Fargo Home Mortgage, Inc. Appellee's "motion to incorporate" did not include a further affidavit explaining the inconsistencies between the note attached to the complaint and the alleged incomplete documentation submitted with appellee's motion. In *Najar,* the foreclosing bank was able to explain by affidavit the inconsistencies between the note produced in the complaint and the note attached to its motion for summary judgment. Likewise, it was incumbent on appellee here to support its motion with facts adduced from evidentiary-quality materials, beyond mere argument that, as in *Najar,* the bank mistakenly attached the wrong copy of the note.

{¶ 19} We distinguished *Najar* in *FV-I, Inc. v. Lackey,* 10th Dist. No. 13AP-983, 2014-Ohio-4944, where the plaintiff provided two versions of the note, each bearing different indorsements. The version attached to the original complaint included an allonge bearing an undated indorsement from PNC Bank, N.A., as successor by merger to First Franklin, the original lender, to the plaintiff. The second version, filed with the trial court as an amended exhibit to the original complaint and as an exhibit to the amended complaint, did not have an allonge but had two undated indorsements stamped directly on the note below the signature area on the last page.

{¶ 20} In *Lackey,* unlike *Najar,* the plaintiff did not offer any explanation of the different versions of the note. The affidavit in support of the motion for summary judgment contained the attestation that the plaintiff had possession of the note and mortgage prior to the filing of the complaint and addressed the assignment history of the mortgage, but it failed to address the two versions of the note, which contained different indorsements. We held: "Absent any explanation for the discrepancy between the two versions of the Note, and construing the evidence in favor of appellant as the party opposing summary judgment, it appears that there is a genuine issue of material fact as to

whether appellee was entitled to enforce the Note." *Lackey* at ¶ 18. *Accord U.S. Bank, N.A. v. McGinn,* 6th Dist. No. S-12-004, 2013-Ohio-8, ¶ 22-26 (difference between notes attached to complaint and to motion for summary judgment called into question whether U.S. Bank actually possessed the original note prior to filing the complaint and should have precluded summary judgment for bank); *Deutsche Bank Natl. Trust Co. v. Holden,* 9th Dist. No. 26970, 2014-Ohio-1333, ¶ 15 (copy of note, submitted with summary judgment motion, containing original lender's undated blank endorsement not included in copy attached to foreclosure complaint posed genuine issue of material fact as to whether plaintiff was entitled to enforce note).

{¶ 21} In *U.S. Bank Natl. Assn. v. Lavelle,* 8th Dist. No. 101729, 2015-Ohio-1307, the Eighth District also distinguished *Najar* on this very point. Attached to the bank's second amended complaint was a copy of the note which contained one indorsement which had been executed by a person who was not the same as the one appearing on the corresponding indorsement which was attached to the original complaint and to the bank's motion for summary judgment. While the bank contended that the variances were immaterial, for purposes of summary judgment, an evidentiary-quality explanation for the inconsistent versions of the note remained wanting. *Id.* at ¶ 21.

{¶ 22} Because it is the *note* that creates the debt, and not the mortgage, unless and until the right to enforce the original *note* has been established, there is no basis for foreclosure. "Under Ohio common law, where a promissory note is secured by a mortgage, the note is evidence of the debt and the mortgage is a mere incident of the debt." *U.S. Bank Natl. Assn. v. Gray,* 10th Dist. No. 12AP-953, 2013-Ohio-3340, ¶ 32, citing *Edgar v. Haines,* 109 Ohio St. 159, 164 (1923), and *Kernohan v. Manss,* 53 Ohio St. 118, 133 (1895); *Pasqualone* at ¶ 38.

{¶ 23} The copy of the note attached to Jones' affidavit did not establish appellee as the holder. Notwithstanding appellee's "motion to incorporate" a copy of the note attached to its pleadings that it claimed comports with the original note alleged to have been produced at McCray's deposition, there was no properly supported motion for summary judgment that complied with Civ.R. 56(C) and (E). Appellee failed to meet its burden to establish the chain of assignments and transfers necessary to prove that it was the person entitled to enforce the note, let alone foreclose on property secured by the debt created by the note. As in *Lackey, McGinn, Holden,* and *Lavelle,* genuine issues of

material fact remain, and we reverse the trial court's summary judgment granted in favor of appellee.

{¶ 24} Because we have reversed the trial court's summary judgment on issues concerning the note and appellants' challenge to appellee's standing to enforce the note, we necessarily overrule our prior holding *in LSF6 Mercury REO Invests. Trust Series 2008-1 v. Locke*, 10th Dist. No. 11AP-757, 2012-Ohio-4499. In *Locke*, we held that the makers of notes and mortgages are without standing to challenge the validity of transfers or assignments to which they were not parties. Shortly after its release, we limited *Locke's* application by way of our decision in *Pasqualone* to the extent that "in cases where R.C. Chapter 1303 applies, a debtor may challenge the assignment of a note (by negotiation or transfer) if such challenge fits the criteria of a denial, defense or claim in recoupment as outlined in R.C. 1303.36 or 1303.35." (Footnotes deleted.) *Pasqualone* at ¶ 35.

{¶ 25} We believe that at least one of the underlying cases relied on by the court in *Locke* has been clarified to the point that its premise as we surmised it no longer supports what we previously held in *Locke* denying standing to non-privity challengers of note and mortgage transfers and assignments. We thus extend our holding in *Pasqualone* to clarify that standing broadly exists for persons to challenge the validity of the transfer of a note[4] or assignment of the mortgage, whether or not in privity with the person entitled to enforce the note or mortgage, regardless of whether or not the note has been negotiated and transferred under R.C. Chapter 13, Ohio's codification of the Uniform Commercial Code.

{¶ 26} " ' "Where the party does not rely on any specific statute authorizing invocation of the judicial process, the question of standing depends on whether the party has alleged * * * a 'personal stake in the outcome of the controversy.' " ' " *Schwartzwald* at ¶ 21, quoting *Cleveland v. Shaker Hts.,* 30 Ohio St.3d 49, 51 (1987), quoting

---

[4] Under Ohio law, the right to enforce a note cannot be assigned; rather, the note must be negotiated in conformity with Ohio's version of the Uniform Commercial Code. *In re Wells,* 407 B.R. 873, 880 (N.D.Ohio 2009). *See also HSBC Bank USA, Natl. Assn. v. Surrarrer,* 8th Dist. No. 100039, 2013-Ohio-5594, ¶ 17 (in order for one other than the payee to enforce the note, the note must be negotiated to another who then becomes the holder of the note). An attempt to assign a note creates a claim to ownership, but does not transfer the right to enforce the note. *Wells* at 880. An assignment of a note may be by negotiation, pursuant to R.C. 1303.21, or transfer, pursuant to R.C. 1303.22. "Negotiation" requires transfer of possession of the instrument. R.C. 1303.21(A). The "transfer" of an instrument requires physical delivery of the note "for the purpose of giving to the person receiving delivery the right to enforce the instrument." R.C. 1303.22(A).

*Wells Fargo Bank, N.A. v. Byers,* 10th Dist. No. 13AP-767, 2014-Ohio-3303, ¶ 16.

*Middletown v. Ferguson,* 25 Ohio St.3d 71, 75 (1986), quoting *Sierra Club v. Morton,* 405 U.S. 727, 731-32 (1972), quoting *Baker v. Carr,* 369 U.S. 186, 204 (1962). The maker of a note or mortgagor who is facing enforcement at law on the note or enforcement in equity on the mortgage has a personal stake in challenging whether a person claiming to be entitled to enforce such a note or a mortgage has been duly transferred or assigned rights under either or both instruments, regardless of whether or not the challenger is in privity with the person claiming the right to enforce.

{¶ 27} *Locke*'s holding is based in part on a line of federal court decisions[5] that, even since we decided *Pasqualone,* has been modified by the Sixth Circuit Court of Appeals. In *Slorp v. Lerner, Sampson & Rothfuss,* 587 Fed.Appx. 249, 254-56 (6th Cir. 2014), the United States Sixth Circuit Court of Appeals held:

> [Slorp] attributes his injuries to the improper foreclosure litigation. According to the complaint, [defendant] Bank of America (through LSR) filed a foreclosure action against Slorp despite its lack of interest in the mortgage; the defendants misled the trial court by fraudulently misrepresenting Bank of America's interest in the suit; and Slorp incurred damages when he was compelled to defend his interests. If Bank of America had no right to file the foreclosure action, it makes no difference whether Slorp previously had defaulted on his mortgage. * * * [T]he district court erred when it held otherwise.
>
> * * *
>
> Much of the district court's analysis was taken from *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, [717 F.Supp.2d 724 (E.D.Mich.2010), *aff'd*, 399 Fed.Appx. 97 (6th Cir.2010)] where we held that a homeowner did not have standing to challenge the validity of a home-loan assignment in an action contesting a foreclosure. 399 Fed.Appx. 97, 102 (6th Cir.2010).
>
> We analyze the district court's holding in more detail than might ordinarily be necessary because our *Livonia Properties* opinion has confounded some courts and litigants, *see, e.g., Etts v. Deutsche Bank Nat'l Trust Co.*, No. 13-11588, 2014 WL 645358, at *4 (E.D.Mich. Feb. 19, 2014) * * *.

---

[5] *See, e.g., Livonia Properties Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, L.L.C.,* 717 F.Supp.2d 724 (E.D.Mich.2010), *aff'd,* 399 Fed.Appx. 97 (6th Cir.2010).

> The district court held, and the defendants now maintain, that Slorp lacked standing to assert his claims because an individual who is not a party to an assignment may not attack the assignment's validity. We differ with this interpretation of *Livonia Properties*. The sweeping rule that the district court extrapolated from *Livonia Properties* dwarfs our actual holding in that case.

(Footnote deleted.)   On summary judgment or otherwise, it is the movant's burden to establish the chain of transfers and assignments, if it is not the original mortgagee, and this is well-established in the law.  *Seimer* at ¶ 19.  That the mortgagor may not be a party or in privity to a party to an assignment contract should not operate to diminish in any way that burden.  *See Slorp* at 255 ("a non-party homeowner may challenge the validity of an assignment to establish the assignee's lack of title, among other defects").  Thus, we clarify governing case law and overrule our previous holding in *Locke*, fully restoring the burden placed on the person asserting entitlement to enforce the note or mortgage. Accordingly, the maker of the note or mortgage has standing to challenge their enforcement against the maker, even if not a party in privity to the particular transfer or assignment challenged.

{¶ 28} Whether or not appellants had an opportunity to object to the "motion to incorporate" the assertedly "full copy" of the note into its motion papers, appellee did not meet its burden to demonstrate an absence of a dispute regarding its status as holder of the note and mortgages, and therefore its standing to bring the action on the note and the foreclosure action on the mortgage.  *See U.S. Bank, N.A. v. Richards,* 189 Ohio App.3d 276, 2010-Ohio-3981, ¶ 17 (9th Dist.) ("the copy of the promissory note attached to U.S. Bank's renewed motion for summary judgment was not incorporated into an affidavit, and thus it was not appropriately considered as evidence under Civ.R. 56").  We find no rule in the Ohio Rules of Civil Procedure that governs or authorizes a "motion to incorporate"; and such a purported mechanism does not suffice as an alternative to providing a court with evidentiary-quality materials that comport with Civ.R. 56, especially in light of the undeniable harm to the maker of the note and the mortgagor in residential foreclosure.  *See U.S. Bank, N.A. v. Bryant,* 12th Dist. No. CA2012-12-266, 2013-Ohio-3993, ¶ 11.  "There was no evidence contemplated by Civ.R. 56 properly before the court demonstrating that U.S. Bank was the owner and holder of the promissory note and mortgage deed." *Richards* at ¶ 17.

{¶ 29} In her affidavit, Jones states that she is familiar with business records maintained by Wells Fargo Bank, N.A., as servicing agent for U.S. Bank for the purpose of servicing mortgage loans. Further, in addition to attaching to her affidavit a copy of the note that lacks both the indorsement to Wachovia and the allonge containing the indorsement to U.S. Bank, she does not state that she has ever examined the originals or copies of the complete and current promissory note which arguably shows that appellee is holder of the note. In that respect, the affidavit does not meet the standard of personal knowledge that any of the documents submitted with the motion were accurate copies of the originals and that those records were kept in the ordinary course of business. *See Wright-Patt Credit Union, Inc. v. Byington,* 6th Dist. No. E-12-002, 2013-Ohio-3963, ¶ 17 ("because appellee failed to present the court with evidentiary-quality material in support of its assertion that it was the current holder of the note and mortgage at issue, a genuine issue of material fact remains regarding whether appellee has standing in this foreclosure action and the lower court erred in granting appellee summary judgment").

{¶ 30} Additionally, at his deposition, McCray could not explain why the copy of the note attached to Jones' affidavit differed from the copy attached to appellee's amended complaint, and he could not answer as to when the later indorsement and allonge missing from the Jones affidavit were made. He could not identify where the original note was kept since its inception, and he thought that Wells Fargo, rather than U.S. Bank, was holder of the note. These facts give us even less confidence in the trial court's finding of a lack of dispute as to facts material to judgment.

{¶ 31} Because we have found that Jones' affidavit did not establish that she had personal knowledge of the documents and transactions in question, any attempt to incorporate by reference in a subsequent, unverified motion an allegedly complete and correct note left genuine issues of material fact requiring denial of summary judgment. *See Bank of Am., N.A. v. Loya,* 9th Dist. No. 26973, 2014-Ohio-2750, ¶ 12; *Bank of New York Mellon v. Villalba,* 9th Dist. No. 26709, 2014-Ohio-4351, ¶ 16.

{¶ 32} We agree with the Eighth District's pronouncement in *Lavelle* that to disregard the contradicting copies of the note without proper authentication of current documentation and explanation of the discrepancies, "would be unjust and would ask this court to [ignore] the actions of financial institutions who have an obligation to conform with acceptable business practices and establish an unbroken chain of assignments prior

to instituting a foreclosure action." *Id.* at ¶ 22. These inconsistencies as a matter of law effectively rebut appellee's burden of proof under Civ.R. 56(C).

{¶ 33} Finally, the defects in Jones' affidavit also forestall consideration of appellee's argument that it should have standing to enforce the note as a non-holder in possession. Appellee's claim to be in possession of the note and entitled to enforce it is supported in Jones' affidavit only by the averment that appellee "is either the original payee of the Promissory Note or the Promissory Note has been duly indorsed." (Jones Affidavit, ¶ 5.) Appellee is not the original payee, and the affidavit and its attachments fall far short of showing that the note has been duly endorsed and transferred to appellee.

{¶ 34} The unexplained discrepancies between the copy of the note appended to appellee's pleadings and that attached to the affidavit in support of summary judgment leave a genuine issue of material fact requiring denial of summary judgment, even on the assertion of appellee being the person entitled to enforce the note as a non-holder in possession. *See Richards* at ¶ 20; *Everhome Mtge. Co. v. Rowland,* 10th Dist. No. 07AP-615, 2008-Ohio-1282, ¶ 12; *First Union Natl. Bank v. Hufford,* 146 Ohio App.3d 673, 679-80 (3d Dist.2001). Without duly attested documents or other competent evidence, we cannot infer the transfers of the note and assignments of the mortgage as matters of fact and therefore cannot affirm summary judgment or any separate but related judgment in foreclosure. Because of these findings, other issues argued by the parties are deemed moot, and we decline to address them.

## IV. Conclusion

{¶ 35} We sustain appellants' sole assignment of error for the reasons stated in this decision and reverse the judgment of the Franklin County Court of Common Pleas, thereby denying appellee's motion for summary judgment and remand this case to the trial court with instructions to proceed in accordance with this decision.

*Judgment reversed and*
*cause remanded with instructions.*

HORTON, J., concurs.
DORRIAN, J., concurs in judgment only.

DORRIAN, J., concurring in judgment only.

{¶ 36} I concur in the majority's judgment only because I agree there is a genuine issue of material fact regarding whether U.S. Bank is the person entitled to enforce the Georges' note. I respectfully write separately to explain my disagreement from the majority opinion's reasoning and also to clarify the confusion in the law that is reflected in the majority opinion.

{¶ 37} First, I must distinguish between the elements a plaintiff must prove to prevail on a foreclosure action and the requirements for establishing standing to file a foreclosure action. To prove entitlement to foreclosure, a plaintiff must prove both that it is the person entitled to enforce the note *and* a holder of the mortgage (along with other elements).[6] *Deutsche Bank Natl. Trust Co. v. Thomas*, 10th Dist. No. 14AP-809, 2015-Ohio-4037, ¶ 9, 19; *Regions Bank v. Seimer*, 10th Dist. No. 13AP-542, 2014-Ohio-95, ¶ 19; *Bank of New York Mellon v. Rankin*, 10th Dist. No. 12AP-808, 2013-Ohio-2774, ¶ 23. On the other hand, to prove standing to assert a foreclosure action, a plaintiff must show an interest in the note *or* mortgage. This "or" rule emerged from *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017. There, the Supreme Court of Ohio concluded that the plaintiff did not have standing because "it failed to establish an interest in the note *or* mortgage at the time it filed suit." (Emphasis added.) *Id.* at ¶ 28. Our court has construed this language to mean that an interest in either the note or mortgage is sufficient to establish standing. *See Wells Fargo Bank, N.A. v. Parrish*, 10th Dist. No. 15AP-243, 2015-Ohio-4045, ¶ 14; *UAP-Columbus JV326132 v. Young*, 10th Dist. No. 14AP-422, 2014-Ohio-4590, ¶ 26; *Bank of New York Mellon v. Williams*, 10th Dist. No. 13AP-499, 2014-Ohio-3737, ¶ 13; *Wells Fargo Bank, N.A. v. Byers*, 10th Dist. No. 13AP-767, 2014-Ohio-3303, ¶ 12; *U.S. Bank Natl. Assn. v. Gray*, 10th Dist. No. 12AP-953, 2013-Ohio-3340, ¶ 27; *but see JPMorgan Chase Bank v. Allton*, 10th Dist. No. 14AP-228, 2014-Ohio-3742, ¶ 12; *Wells Fargo Bank, N.A. v. Odita*, 10th Dist. No. 13AP-663, 2014-Ohio-2540, ¶ 9; *Fifth Third Mtge. Co. v. Salahuddin*, 10th Dist. No. 13AP-945, 2014-

---

[6] By invoking the doctrine of equitable assignment, a plaintiff may establish that it is a holder of the mortgage by showing that it is the holder of the note. *U.S. Bank Natl. Assn. v. Gray*, 10th Dist. No. 12AP-953, 2013-Ohio-3340, ¶ 32-34. However, the existence of the doctrine of equitable assignment does not change the requirements necessary to prevail on the merits in a foreclosure action—a bank must prove the requisite interest in the note *and* mortgage.

Ohio-3304, ¶ 15; *Fidelity Tax, L.L.C. v. Hall*, 10th Dist. No. 12AP-923, 2013-Ohio-3165, ¶ 17.[7]

{¶ 38} Second, I also question the majority opinion's suggestion that R.C. Chapter 1303, Ohio's version of Article 3 of the Uniform Commercial Code, applies to notes secured by mortgages *because* banks securitize mortgage loans. The majority opinion relies on judicial notice, first taken by the majority in *State v. Orms*, 10th Dist. No. 14AP-750, 2015-Ohio-2870, to recognize the practice of securitization. In *Orms*, I dissented from that use of judicial notice. Ohio courts apply R.C. Chapter 1303 to notes secured by mortgages because such notes generally qualify as negotiable instruments, not because the notes (along with the associated mortgages) may have been pooled for sale as securities. *See Bank of Am., N.A. v. Pasqualone*, 10th Dist. No. 13AP-87, 2013-Ohio-5795, ¶ 27-30.

{¶ 39} Turning to the review in this case, I agree with the majority opinion's conclusion that a question of fact exists regarding whether U.S. Bank is the person entitled to enforce the Georges' note. Under Ohio law, a bank cannot prevail in a foreclosure action unless it first establishes itself as the person entitled to enforce the note that accompanies the mortgage. *Thomas* at ¶ 9, 19; *Seimer* at ¶ 19; *Rankin* at ¶ 23. U.S. Bank argues that it is the person entitled to enforce because it is the holder of the note. U.S. Bank contends that it established its status as the holder by proving that it possesses the Georges' note, which contains a chain of special endorsements that ends with a special endorsement to it.

{¶ 40} To prove its contention, U.S. Bank appended to its motion for summary judgment the affidavit of Megan A. Jones, vice president of loan documentation for Wells Fargo Bank, N.A. (the servicing agent for the Georges' loan). Jones authenticated the note attached to her affidavit as the Georges' note "with any applicable indorsements." (Jones affidavit, ¶ 9.) That note, however, includes only one special indorsement—the

---

[7] In the second footnote, the majority opinion contends that we held in *FV-I, Inc. v. Lackey*, 10th Dist. No. 13AP-983, 2014-Ohio-4944, that a plaintiff must prove an interest in both the note *and* mortgage to demonstrate standing. *Lackey*, however, addressed whether a plaintiff established the merits of its foreclosure action at the summary judgment stage. Standing was not at issue. Thus, *Lackey* appropriately applied the law that, to prevail on the merits of its claims, a plaintiff "must demonstrate that it was entitled to enforce the note and had an interest in the mortgage." *Id.* at ¶ 15. The majority opinion misconstrues *Lackey* by suggesting it sets forth requirements for standing.

indorsement from the original lender, M/I Financial Corp., to Wells Fargo Home Mortgage, Inc.

{¶ 41} Approximately one month after filing for summary judgment, U.S. Bank moved the trial court for an order "incorporating a full copy of the Promissory Note to the Motion for Summary Judgment." (Oct. 21, 2013 Motion.) The trial court granted that motion. The incorporated note contains a string of special indorsements that ends with U.S. Bank.[8]

{¶ 42} On appeal, U.S. Bank argues that it can rely on the incorporated note to establish that it is the person entitled to enforce the note. I disagree. By granting the motion to incorporate, the trial court, at best, effectuated the attachment of a note to the motion for summary judgment. That note, however, is not authenticated by affidavit testimony. Consequently, the trial court could not consider it in determining whether to grant summary judgment. *See Adams, Babner & Gitlitz, L.L.C. v. Tartan Dev. Co. (West), L.L.C.*, 10th Dist. No. 12AP-729, 2013-Ohio-1573, ¶ 15 (holding that documents that are not sworn, certified, or authenticated by way of affidavit have no evidentiary value and, generally, should not be considered by a court in ruling on a motion for summary judgment).

{¶ 43} U.S. Bank also depends on the deposition testimony of John McCray, a loan verification analyst IV for Wells Fargo Bank, to prove its status as a person entitled to enforce the note. McCray identified the version of the note incorporated into the motion for summary judgment as the Georges' note. However, McCray's testimony contravenes Jones' testimony. Each witness identifies a different note as the Georges' note, and neither McCray nor Jones explains the discrepancy between their testimonies. Consequently, a genuine question of material fact remains regarding which note is actually the Georges' note. Until that question is resolved, a court cannot determine whether U.S. Bank is the person entitled to enforce the note.[9] The trial court, therefore, erred in granting U.S. Bank summary judgment.

---

[8] Below, U.S. Bank argued that the indorsement to it, contained in an allonge, was a blank indorsement. The trial court accepted this interpretation of the indorsement. On appeal, U.S. Bank contends that the indorsement is actually a special indorsement. The Georges also describe the indorsement as a special indorsement. Consequently, for purposes of this appeal, I will presume that the indorsement to U.S. Bank is a special indorsement.

[9] On appeal, U.S. Bank claims that, even if the version of the note attached to Jones' affidavit is the Georges' note, it can still establish itself as the person entitled to enforce the note. To do so, U.S. Bank relies on R.C.

{¶ 44} Because the above analysis resolves this appeal, I believe that it is not necessary for the majority opinion to address other issues. When a court ventures beyond the purview of the case before it, the opinions it expresses constitute dicta. Dicta are statements made by a court that are not necessary for resolution of the issues. *Heisler v. Mallard Mechanical Co., L.L.C.*, 10th Dist. No. 09AP-1143, 2010-Ohio-5549, ¶ 13; *accord State ex rel. Cole v. Lucas Cty. Bd. of Elections*, 130 Ohio St.3d 132, 2011-Ohio-4550, ¶ 31 (concluding that a paragraph from an earlier decision "was unnecessary to the court's holding and was thus dicta").

{¶ 45} I believe that to resolve this case the majority opinion did not need to overrule *LSF6 Mercury REO Invests. Trust Series 2008-1 v. Locke*, 10th Dist. No. 11AP-757, 2012-Ohio-4499, in its entirety. In a trio of cases that included *Locke*, we held that a debtor lacks standing to challenge the assignment of its note and mortgage because the debtor is not a party to that assignment. *JPMorgan Chase Bank, N.A. v. Romine*, 10th Dist. No. 13AP-58, 2013-Ohio-4212, ¶ 16-18; *Deutsche Bank Natl. Trust Co. v. Whiteman*, 10th Dist. No. 12AP-536, 2013-Ohio-1636, ¶ 16-19; *Locke* at ¶ 28-29. We later limited those holdings so that, in cases where R.C. Chapter 1303 applies, a debtor may challenge the negotiation or transfer of a note if such challenge fits the criteria of a denial, defense, or claim in recoupment outlined in R.C. 1303.36 or 1303.35. *Pasqualone* at ¶ 35. Now, the majority opinion purports to negate *Locke* with regard to the assignment of mortgages and the transfer of notes not governed by R.C. Chapter 1303.[10] The resolution of this case involves neither consideration of the parties' mortgage nor a note that falls outside of the auspices of R.C. Chapter 1303. Thus, I am concerned that the majority opinion's overruling of *Locke* with regard to those types of instruments constitutes dicta.

{¶ 46} To the extent that the majority opinion's wholesale overruling of *Locke* is motivated by a concern that debtors could be held liable twice for the same debt, I understand and share that concern. However, pursuant to R.C. Chapter 1303 and our precedent in *Pasqualone*, a payment to a person entitled to enforce satisfies the debtor's

---

1303.31(A)(2), which states that a "nonholder in possession of the instrument who has the rights of a holder" qualifies as a person entitled to enforce. U.S. Bank, however, waived this argument by not raising it before the trial court. *See Niskanen v. Giant Eagle, Inc.*, 122 Ohio St.3d 486, 2009-Ohio-3626, ¶ 34 (holding that a party who fails to raise an argument in the court below waives his or her right to raise the argument on appeal).

[10] I note that the majority opinion addresses neither *Romine* nor *Whiteman*. Logically, then, those two decisions remain unaffected by the majority's opinion.

mortgage loan obligation on a dollar-for-dollar basis, and the debtor never has to pay that amount again. R.C. 1303.67(A); *Pasqualone* at ¶ 24. Thus, once a bank proves its status as the person entitled to enforce the note, then the debtor will not face the danger of double liability. *Id.* Consequently, in such instances, "[t]he purpose behind the defense relating to the chain of title for the mortgage is nullified and thus inapplicable." *Bank of New York Mellon v. Froimson*, 8th Dist. No. 99443, 2013-Ohio-5574, ¶ 23; *accord Bank of New York Mellon Trust Co., N.A. v. Unger*, 8th Dist. No. 97315, 2012-Ohio-1950, ¶ 38 (rejecting the argument that homeowners must be allowed to challenge mortgage assignments to avoid exposure to multiple payments on the basis that a payment to the person entitled to enforce the note satisfies the debt). Because the homeowner who pays the person entitled to enforce the note is not at risk for having to pay the same debt twice, the homeowner cannot demonstrate an injury traceable to the mortgage assignments.

{¶ 47} Furthermore, I am hesitant to accept the majority opinion's conclusion that the Sixth Circuit's opinion in *Slorp v. Lerner, Sampson & Rothfuss*, 587 Fed.Appx. 249 (6th Cir.2014), justifies a change in this district's law. It appears that *Slorp* does not stand for the unrestricted proposition that, in all instances, homeowners may challenge mortgage assignments to which they are not parties. As the Sixth Circuit subsequently recognized, *Slorp* left in place the requirement that, before a homeowner may challenge an assignment, the homeowner must demonstrate "that [he or she] may be on the hook for double payment" because of the supposed invalidity of the assignment. *DAGS II, LLC v. Huntington Natl. Bank*, 616 Fed.Appx. 830 (6th Cir.2015).

{¶ 48} The majority opinion concludes that, because the bank bears the burden of establishing the chain of mortgage assignments, it should be vulnerable to whatever challenge the homeowner may assert regarding the validity of the assignments. However, as many Ohio (and other) courts have recognized, some challenges—particularly those alleging that an assignment violates a pooling and servicing agreement—are impermissible due to a lack of standing. *See In re McHugh*, Bankr.N.D.Ohio No. 14-31071 (June 1, 2015) ("Courts, including the Sixth Circuit Court of Appeals, have consistently found that borrowers lack standing to challenge compliance with the provisions of a [pooling and servicing agreement]."); *In re Walker*, 466 B.R. 271, 285 (Bankr.E.D.Pa. 2012) ("[I]t appears that a judicial consensus has developed holding that a borrower lacks standing to * * * request a judicial determination that a loan assignment is invalid due to

noncompliance with a pooling and servicing agreement."); *Dernier v. Mtge. Network, Inc.*, 195 Vt. 113, 122 (2013) (stating that it "has been the conclusion of the vast majority of courts" that homeowners lack standing to challenge assignments in contravention of a pooling and servicing agreement); *Bank of Am. Natl. Assn. v. Bassman FBT, L.L.C.*, 2012 IL App (2d) 110729, ¶ 15 (holding that it "is widely accepted" that a homeowner "lacks standing to attack a [mortgage] assignment to which he or she is not a party" based on a violation of a pooling and servicing agreement).

{¶ 49} I also believe it unnecessary for the resolution of this case to address two further issues. First, contrary to the majority opinion's contention, the Georges' equitable argument is irrelevant to a determination of whether a genuine issue of material fact exists, thus precluding summary judgment. Second, the majority opinion's heightening of the personal knowledge standard for affiants is not essential to the outcome of the decision and does not appear to be consistent with Supreme Court of Ohio precedent. That precedent holds that, unless controverted by other evidence, a "specific allegation in the affidavit that it was made upon personal knowledge is sufficient to meet [the] requirement of Civ.R. 56(E)" that the affiant be competent to testify regarding the matters stated. *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 467 (1981); *see also Wells Fargo Bank, N.A. v. Hammond*, 8th Dist. No. 100141, 2014-Ohio-5270, ¶ 37 (refusing to require an affiant to aver that he compared the mortgage loan documents attached to his affidavit to the original documents because the Supreme Court of Ohio has not made this a requirement of Civ.R. 56(E)); *HSBC Mtge. Servs. v. Williams*, 12th Dist. No. CA2013-09-174, 2014-Ohio-3778, ¶ 19 (same).

{¶ 50} In sum, I agree that this court should sustain the Georges' assignment of error and reverse this matter, but for the reasons set forth above, I disagree with the portions of the majority opinion that I consider to be dicta. Therefore, I respectfully concur in judgment only.

———————————